1  Richard Gary Hall, Jr. C-01276
   Correctional Training Facility
2  P.O. Box 705-WB/339up
   Soledad, CA 93960-0705
3
4  IN PRO SE

FILED

2007 OCT 29 P 3:47

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  RICHARD GARY HALL, JR.          CIVIL ACTION #: 5:07-CV-03233-RMW
11          PLAINTIFF                MOTION TO SUBMIT ADDENDUM
12  V.
13  JAMES TILTON, ET.AL.
14          DEFENDANTS

16  Now comes, Richard Gary Hall, Jr. Plaintiff in the above entitled
17  civil action. Plaintiff respectfully requests the court grant
18  his motion entitled—"Motion to submit Addendum in the
19  above entitled civil action on the forthcoming grounds:
20  On October 24, 2007, a clandestine attempt was made to
21  abruptly classify and displace Plaintiff for exercising
22  his Constitutional rights wherein he filed a lawsuit
23  against classification officials at the Correctional
24  Training Facility-North in Soledad, CA.

26  Addendum-A provides documentary evidence that he
27  filed an appeal complaint against his caseworker
28  (CCI A) J. Madano on October 24, 2007 challenging his

1. UNCONSTITUTIONAL AND DELIBERATELY INDIFFERENT CONDUCT.
2. WHEREIN HE IS A KNOWING AND WILLING PARTICIPANT
3. IN AN ADMINISTRATIVE SUBTERFUGE DESIGNED TO RETALIAT
4. -E AGAINST PLAINTIFF FOR FILING INMATE APPEAL GRIEV
5. -ANCES AND PETITIONS CHALLENGING ADMINISTRATIVE
6. MALFEASANCE IN VIOLATION OF PLAINTIFF'S FEDERAL
7. CONSTITUTIONAL RIGHTS.
8. RETALIATION AGAINST PLAINTIFF FOR EXERCISING HIS CONSTITUT-
9. -IONAL RIGHTS IS IN ITSELF A VIOLATION OF THE CONSTITUTION
10. THADDEUS X V. BLATTER, 110 F.3d 1233 (6TH CIR. 1997). BRUCE V.
11. YLST, 351 F.3d 1283, 1289 (9TH CIR. 2003). THE TIMING OF CTF-
12. -NORTH FACILITY CLASSIFICATION OFFICIALS CLANDESTINE ATTEMPT
13. AND AIM TO DISPLACE PLAINTIFF BY TRANSFERRING HIM TO
14. AN ADVERSE PRISON ENVIRONMENT AS A RESULT OF THE
15. LEGITIMATE LITIGATION HE HAS FILED IN THE STATE AND
16. FEDERAL COURT SHOULD PROPERLY BE CONSIDERED AS CIRCUM-
17. -STANTIAL EVIDENCE OF RETALIATORY INTENT. SEE. e.g. SORANNO'S
18. GASCO, INC. V. MORGAN, 874 F.2d 1310, 1316 (9TH CIR 1989).
19.
20. BASED UPON THE AFORESAID REASONING THE COURT SHOULD
21. GRANT PLAINTIFF'S RELEVANT MOTION.
22.
23. DATE: OCTOBER 25, 2007                RESPECTFULLY SUBMITTED:
24.                                        Richard Gary Hall
25.                                        RICHARD GARY HALL, JR.
                                           PLAINTIFF

# APPENDIX A

| | Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
| **INMATE/PAROLEE APPEAL FORM** CDC 602 (12/87) | | 1. _____ 2. _____ | 1. _____ 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Richard G. Hall, Jr | C-07278 | B-Yard | WB-539up |

**A. Describe Problem:** On the morning of 10/24/07, appellant was notified by his Housing Unit C/O that his caseworker wished to speak to him in the housing unit office. Appellant learned that CCI(M) R. Ruddell was no longer his caseworker. He had been switched to CCI(A) J. Maviano, the former Whitney B-Yard side caseworker. CCI(A) J. Maviano abruptly informed appellant that he was being taken before the Unit-6 (U.C.C.) on 10/24/07 for a "Special Committee" to be trans-

If you need more space, attach one additional sheet.

**B. Action Requested:** Provide appellant with a copy of directive from CDCR-Headquarters ordering only Level II lifers be transferred from CTF-North II. Provide (CSR) endorsements for CTF-N II. Cease attempts to transfer appellant until Attorney General/District Court order

Inmate/Parolee Signature: _Richard Gary Hall_   Date Submitted: 10/24/07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

-FERRED TO ANOTHER PRISON BY FORCE/WITH NO ALTERNATIVE. CCI(A) V. MAVANO ATTEMPTED TO VIOLATE APPELLANTS FEDERAL CIVIL RIGHTS BY SUBVERSIVELY PLANNING TO TAKE APPELLANT BEFORE THE U.C.C. WITHOUT PROVIDING HIM MANDATORY 72 HOURS WRITTEN NOTICE IN COMPLIANCE WITH CCR, TITLE 15, SECTION 3375(F)(1). AN INVESTIGATION SHALL VERIFY THAT WHEN CCI(A) V. MAVANO WAS THE WHITNEY-B SIDE/YARD SIDE CASEWORKER, HE EXHIBITED A PATTERN OF TAKING ESPECIALLY LEVEL II LIFERS BEFORE THE UNIT-6, U.C.C. WITHOUT PROVIDING THEM 72 HOURS WRITTEN NOTICE.

APPELLANT INFORMED CCI(A) V. MAVANO THAT THE BOARD OF PRISON HEARING (BPH) WAS CONDUCTING AN INVESTIGATION REGARDING THE REDUNDANT MISPROCESSING OF HIS CASE. WHICH INVOLVES HIS CCI, THE BPH COORDINATOR. CCI(A) V. MAVANO WAS ALSO INFORMED THAT APPELLANT HAD PENDING LITIGATION IN THE UNITED STATES DISTRICT COURT (SEE ATTACHED). WHICH INVOLVED SENSITIVE MATTERS CONCERNING HIS LONG STANDING CLASSIFICATION STATUS. CCI(A) V. MAVANO WAS INFORMED THAT DUE TO SUCH PENDING FORMALITIES. AN ATTEMPT TO DISPLACE APPELLANT WOULD BE RETALIATORY AND INTERDICTIVE IN NATURE. WHEREIN HE WOULD BE AN ACTIVE PARTY. HIS ATTITUDE WAS FLIPPANT, AND STONEWALLING.

CCI(A) V. MAVANO REFUSED TO ADDRESS AN "INFORMAL" 602 APPELLANT ATTEMPTED TO PRESENT HIM. CLAIMING IT HAD TO BE CONFERRED WITH THE CCII. BECAUSE CCII REPRESENTS SCR, CCI(A) V. MAVANO'S REFUSAL CONSTITUTED A WAIVER PER CCR, TITLE 15, SECTION 3084.6(1)

CC: U.S. DISTRICT COURT, N. DIST. S.V. DIV.
MR. EDMUND BROWN, JR. ATTORNEY GENERAL
MR. MATT GRAY - ATTORNEY-AT-LAW
MRS. AGNES BUNDY SCANLAN, ATTORNEY AT LAW

- Audit CDC Forms 839 and 340, Classification Score Sheets.
- Schedule and coordinate all unit classification committees (UCCs).
- Prepare and/or review institutional staff recommendation and readmission summaries (reception center).

CC-I

CC-I's shall:

- Collect and evaluate social, behavioral and educational data on inmates as well as evaluating the inmate's adjustment to an assigned program.
- Prepare the following:
  - CDC Forms 839 and 340.
  - CDC Form 812, Notice of Critical Case Information - Safety of Persons.
  - CDC Form 812-A, Notice of Critical Information - Prison Gang Information.
  - Classification chronos.
  - BPT reports.
  - Narcotic evaluation reports.
  - RPS.
- Prepare institutional staff recommendation and readmission summaries (reception center).
- Prepare DRB, PC 1170(d), and 1203.03 reports.
- Prepare the C-File for attorney and other legal reviews.
- Attend classification committees.
- Provide individual and group counseling as needed.

### 62010.4  Considerations

The following considerations shall be utilized in classification committee hearings:

General

- Inmates shall be present at initial classification hearings and at other classification committee hearings which may result in an adverse effect upon their conditions of confinement, except for declared emergencies which temporarily prevent the application of classification rules.
- Security requirements, departmental needs, the inmate's program needs and classification score are primary factors which affect institution and program placement.
- Reclassification shall be an ongoing process of evaluating the inmate's needs, interests and desires, keeping in mind individual, security, and public safety.
- When a recommended transfer/program is deferred, the alternative shall provide for maximum program opportunities where possible.
- Classification scores shall be recalculated at least every 12 months.

### 62010.4.1  In Absentia Hearings

In absentia hearings are authorized under the following circumstances:

- The inmate refuses to appear before the committee.
- The inmate is physically incapable of appearing before the committee or is determined by a psychiatrist to be mentally incompetent to participate and understand the purpose of a hearing.
- The hearing is scheduled to improve the inmate's conditions of confinement by reduction or removal of a restriction previously imposed on the inmate.
- The hearing is to approve an action requested in writing by the inmate.

- The purpose of the hearing is for routine progress review to determine if future classification committee hearing should be scheduled.

When an in absentia hearing is held for any reason, that fact and reason shall be documented on a CDC Form 128-G.

### 62010.4.2  Inmate Notices

Whenever possible, the inmate shall be given written notice of the date and purpose of the hearing. The notice should allow a reasonable period of preparation to discuss the issues to be considered.

Temporary emergency actions may be taken without prior notifications. Emergency lockups and transfers shall not require advance notice, but the inmate shall have the opportunity to present information at the next classification hearing following the action. The reasons for the action shall be given to the inmate in writing as soon as possible after the action was taken and before the appearance (Refer to the DOM 62050.10, Special Housing Assignments).

#### 62010.4.2.1  Adverse Effect

Substantially, adverse effects are:

- Involuntary transfer to a higher level institution not commensurate with the inmate's classification score.
- Increased custody level.
- Involuntary placement in segregated housing.
- Involuntary removal from an assigned program.
- Placement in a reduced work credit group.

Classification Actions

Classification actions that may result in adverse effect require:

- Written notice to inmate of proposed action and reasons for the action at least 72 hours prior to the hearing.
- Delay of the hearing at least 72 hours at the inmate's request when an adverse action is proposed at a classification hearing. If the action cannot be postponed, a CDC Form 128-G will document the reasons. If the inmate waives the 72-hour period, the waiver shall be documented on the CDC Form 128-G.
- A counselor/staff assistant may be requested by the inmate to prepare a defense or understand the issues involved in cases not requiring immediate action.

Notice

When a classification hearing includes the consideration of a newly calculated or recalculated classification score, the inmate shall be provided with a copy of the completed form at least 72 hours in advance of the hearing. The inmate may contest the classification score in the hearing and may appeal the score and hearing results.

Form of notice:

- The person referring the inmate to classification shall prepare the CDC Form 128-B-1, Notice of Classification Hearing.
- A copy of the CDC Form 128-B-1 will act as notification when presented to the inmate.
- If the inmate has been served with a CDC Form 114D, Order and Hearing for Placement in Segregated Housing, it is not necessary to complete a CDC Form 128-B-1.

### 62010.4.3  Suffixes

Suffixes shall be applied to degrees of custody to identify inmates with special restrictions or designations.

#### 62010.4.3.1  "R" Suffix

"R" suffixes applied to inmates are intended to limit their opportunity to escape, or re-offend while in custody.

Restrictions

When housed in a Level I facility, Level I inmates with "R" suffixes shall only be housed at:

U.S. Department of Justice

Civil Rights Division

168-11-0/240294

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

October 20, 2005

Richard Hall, Jr.
#C-07278
Correctional Training Facility--Soledad
P.O. Box 705
Soledad, CA  93960-0705

Dear Mr. Hall, Jr.:

    Thank you for your correspondence.  Under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. ? 1997, the Special Litigation Section of the United States Department of Justice has authority to investigate complaints concerning conditions in state or locally-operated institutions.  These institutions include, but are not limited to prisons, jails, mental retardation/developmental disability facilities, juvenile facilities, mental health, and publicly-operated nursing homes.  When a systemic "pattern or practice" of the deprivation of constitutional or statutory rights is determined to exist, we have the authority to initiate civil action in the name of the United States against state or local officials to remedy such conditions.

    The Section's authority does not extend to investigating the personal grievances of a single individual.  Moreover, the Section is not authorized to represent individual citizens in legal matters or to give them legal advice.  Therefore, we are unable to provide you with legal opinions or assistance with personal lawsuits or legal matters.  However, if you wish to pursue this matter further, you might consider contacting a private attorney or a legal services lawyer.  This individual may assist you in determining what, if any, remedies may be available to you.

    We will consider your letter carefully along with other information we may receive to determine whether a pattern or practice investigation is warranted.  If you have additional details that you believe may be relevant to our review, we would appreciate it if you would forward that information to us.

49

We hope this information is useful. For additional information, you may want to review our website:

http://www.usdoj.gov/crt/split/index.html

Sincerely,

*Nicholas Maxwell*

Nicholas Maxwell
Special Litigation Section
Civil Rights Division

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-cv-03233-RMW
### Internal Use Only

Hall v. Curry et al
Assigned to: Hon. Ronald M. Whyte
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/19/2007
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Richard Gary Hall     represented by **Richard Gary Hall**
C-07278
Correctional Training Facility
P.O. Box 705
WB 339 up
Soledad, CA 93960-0705
PRO SE

v



Richard Hall
C-07278
Salinas Valley State Prison
Post Office Box 705-WB/339UP
Soledad, CA 93960-1030

S. Department of Justice
eral Bureau of Investigation

th Floor
Golden Gate Avenue
Francisco, CA 94102-9523

ial Business
ty for Private Use $300

<u>DECLARATION OF SERVICE BY MAIL</u>

CASE NAME: _Hall v. Tilton, et. al_

CASE NO.: _5:07-CV-03233-RMW_

I, _Richard Gary Hall, Jr_, declare that I am over the age of eighteen (18) years; I am/~~am~~ not a party to the attached action; I served the attached document entitled:

_Motion to Submit Addendum_

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

Office of the Clerk
U.S. District Court
Northern District of Calif.
280 South First St, Rm #2112
San Jose, CA 95113-3095

Mr. Edmund Brown, Jr.
Attorney General
455 Golden Gate Ave, Suite #11000
San Francisco, CA
94102-3664

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that I executed this service this _25_ day of _October, 2007_, in Soledad, CA.

_/s/ Richard Gary Hall_
Declarant