IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARY HALL, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES TILTON, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 07-3233 RMW (PR) <br><br> ORDER GRANTING LEAVE TO AMEND; DENYING PLAINTIFF'S MOTIONS TO SUBMIT ADDENDA, FOR APPOINTMENT OF COUNSEL AND FOR PRODUCTION OF DOCUMENTS <br><br> (Docket Nos. 10, 11, 15, 18, 20 & 22) |

On June 16, 2007, plaintiff, a California Prisoner proceeding pro se, filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On July 10, 2007, plaintiff filed an Amended Complaint. Plaintiff has since filed four motions to submit four separate addenda to his amended complaint, a motion for appointment of counsel, and a motion for production of documents. The court will DENY plaintiff's motions to submit addenda, GRANT him leave to file a second amended complaint, DENY his motion for appointment of counsel, and DENY his motion for production of documents.

**DISCUSSION**

Plaintiff has filed four motions to "submit" four different addenda to his amended complaint. If plaintiff wishes to have the court consider matters not included in his amended complaint, he must do so by obtaining leave to file a further amended

1  complaint, not by submitting piecemeal "addenda" to his existing complaint.  Good cause
2  appearing, the court will grant plaintiff leave to file a second amended complaint in which
3  he may include any additional matters he did not include in his amended complaint,
4  including any matters discussed in his motions to "submit" addenda to his amended
5  complaint.

6  Plaintiff has filed a request for the appointment of counsel to represent him.  However,
7  there is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services,
8  452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request"
9  that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).
10 The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional
11 circumstances," the determination of which requires an evaluation of both (1) the likelihood of
12 success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of
13 the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.
14 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d
15 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a
16 decision on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the
17 fact that the pro se litigant would be better served with the assistance of counsel, necessarily
18 qualify the issues involved as complex.  See Rand, 113 F.3d at 1525.  The court finds that
19 exceptional circumstances entitling plaintiff to the appointment of counsel do not exist.  The
20 likelihood of plaintiff's success on the merits cannot be ascertained as plaintiff has not yet
21 completed his initial pleadings, and the legal issues are not complex.  Accordingly, plaintiff's
22 motion for appointment of counsel will be denied without prejudice to the court's sua sponte
23 appointment of counsel should the circumstances so warrant at a later stage of this litigation.

24 Plaintiff has also filed a "motion" for production of documents.  Requests for
25 discovery are to be sent directly to the party from whom discovery is sought, and are not
26 filed, as motions or otherwise, with the court.  See Fed. R. Civ. P. 34(a).  Accordingly, the
27 motion for production of documents is DENIED.

28 **CONCLUSION**

1. Plaintiff is GRANTED leave to file a second amended complaint, within **thirty days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order © 07-3233 RMW (PR)) and the words "SECOND AMENDED COMPLAINT" on the first page of the enclosed form. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint or prior amended complaints, such as exhibits or supporting documentation, by reference. Plaintiff must include all of his claims and name all defendants in the second amended complaint. **Failure to file a second amended complaint within the designated time will result in the court reviewing only the claims and allegations in the amended complaint.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's motions to submit addenda (Docket Nos. 15, 18, 20 & 22) are DENIED.

4. Plaintiff's motion for appointment of counsel (Docket No. 10) is DENIED without prejudice.

5. Plaintiff's motion for production of documents (Docket No. 11) is DENIED.

This order terminates Docket Nos. 10, 11, 15, 18, 20 & 22.

IT IS SO ORDERED.

DATED: 2/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1

2   This is to certify that on _____2/25/08_____, a copy of this ruling was mailed to the following:

3

4   **Richard Gary Hall**

5   C-07278

    Correctional Training Facility
6
    YW-343 up
7   P.O. Box 689

    Soledad, CA 93960-0705
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Leave to Amend, Denying Plaintiff's Motions to Submit Addenda, for Appointment of Counsel and for Production of Documents
G:\PRO-SE\SJ.Rmw\CR.07\Hall233dwlta.wpd         4