1  Richard Gary Hall, Jr. C-07278
2  Correctional Training Facility
   P.O. Box 689 / YW-343up
3  Soledad, Ca 93960-0689

4  In Pro Se


Filed
MAR 12 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6           IN THE UNITED STATES DISTRICT COURT
7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  Richard Gary Hall, Jr.          Civil Action # C07-3233-RMW (PR)
10         Plaintiff
                                    Motion Requesting Extension
11 v.
                                    of Time to Submit Second
12 James Tilton, et. al.
                                    Amended Complaint.
13         Defendants

15 Now comes, Richard Gary Hall, Jr. Plaintiff in the above entitled
16 civil action. On Febuary 26, 2008, Plaintiff received the Courts
17 order granting him leave to amend the above entitled civil
18 action for a second time. Wherein Plaintiff must file
19 his second amended complaint in the Court within thir-
20 -ty (30) days from the date the Courts order was filed
21 on Febuary 25, 2008. Plaintiff respectfully requests
22 that the Court grant his Motion Requesting Extension
23 of time to submit his second amended complaint
24 on the forthcoming grounds:
25 1) On Febuary 13, 2008, Plaintiff filed an 'Affidavit' in
26 the Court in the above entitled civil action giving
27 the court forthwith knowledge that retaliatory
28 measures had been exacted against him by Unit-6

(1)

1. VIA AN ABUSE OF THE DEPARTMENTS CLASSIFICATION AND
2. DISCIPLINARY PROCESS. AS A RESULT, PLAINTIFF'S RED
3. PRIVILEGE CARD WAS CONFISCATED BY SENIOR HEARING
4. OFFICER, J. RIVERO FOR NINETY (90) DAYS. DESPITE THE
5. FACT PLAINTIFF PARTICIPATES IN A FULL TIME WORK
6. ASSIGNMENT PURSUANT TO CCR, TITLE 15, SECTION 3044
7. , LT. J. RIVERO UNILATERALLY PLACED PLAINTIFF IN
8. PRIVILEGE GROUP 'C', WHICH DIMINISHES PLAINTIFFS
9. MOVEMENT TREMENDOUSLY, ESPECIALLY HIS ACCESS TO
10. THE PRISON LAW LIBRARY TO CONDUCT LEGAL RESEARCH,
11. OBTAIN LEGAL MATERIAL AND SECURE XEROX COPIES.
12. PLAINTIFF IS FURTHER INTERDICTED BY FREQUENT FIRST
13. WATCH-STATUS/LOCK DOWNS, FOG-COUNTS AND OTHER
14. INTERDICTIONS BEYOND HIS CONTROL.
15. BASED UPON THE ABOVE FACTS, THE COURT SHOULD
16. GRANT PLAINTIFFS MOTION. PLAINTIFF REQUESTS AN
17. ADDITIONAL THIRTY (30) DAYS TO SUBMIT HIS SECOND
18. AMENDED COMPLAINT.
19.
20. DATE: MARCH 9, 2008
21.                                              RESPECTFULLY SUBMITTED:
22.                                              [signature]
                                                 RICHARD GARY HALL, JR
                                                 IN PRO SE / PLAINTIFF
23.
24.
25.
26.
27.
28.

(2)

**FILED**

FEB 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARY HALL, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>Defendants. | No. C 07-3233 RMW (PR)<br><br>ORDER GRANTING LEAVE TO AMEND; DENYING PLAINTIFF'S MOTIONS TO SUBMIT ADDENDA, FOR APPOINTMENT OF COUNSEL AND FOR PRODUCTION OF DOCUMENTS<br><br>(Docket Nos. 10, 11, 15, 18, 20 & 22) |

On June 16, 2007, plaintiff, a California Prisoner proceeding pro se, filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On July 10, 2007, plaintiff filed an Amended Complaint. Plaintiff has since filed four motions to submit four separate addenda to his amended complaint, a motion for appointment of counsel, and a motion for production of documents. The court will DENY plaintiff's motions to submit addenda, GRANT him leave to file a second amended complaint, DENY his motion for appointment of counsel, and DENY his motion for production of documents.

**DISCUSSION**

Plaintiff has filed four motions to "submit" four different addenda to his amended complaint. If plaintiff wishes to have the court consider matters not included in his amended complaint, he must do so by obtaining leave to file a further amended complaint,

not by submitting piecemeal "addenda" to his existing complaint. Good cause appearing, the court will grant plaintiff leave to file a second amended complaint in which he may include any additional matters he did not include in his amended complaint, including any matters discussed in his motions to "submit" addenda to his amended complaint.

Plaintiff has filed a request for the appointment of counsel to represent him. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand, 113 F.3d at 1525. The court finds that exceptional circumstances entitling plaintiff to the appointment of counsel do not exist. The likelihood of plaintiff's success on the merits cannot be ascertained as plaintiff has not yet completed his initial pleadings, and the legal issues are not complex. Accordingly, plaintiff's motion for appointment of counsel will be denied without prejudice to the court's sua sponte appointment of counsel should the circumstances so warrant at a later stage of this litigation.

Plaintiff has also filed a "motion" for production of documents. Requests for discovery are to be sent directly to the party from whom discovery is sought, and are not filed, as motions or otherwise, with the court. See Fed. R. Civ. P. 34(a). Accordingly, the motion for production of documents is DENIED.

## CONCLUSION

1. Plaintiff is GRANTED leave to file a second amended complaint, within

1  **thirty days** from the date this order is filed. The second amended complaint must include
2  the caption and civil case number used in this order © 07-3233 RMW (PR)) and the
3  words "SECOND AMENDED COMPLAINT" on the first page of the enclosed form.
4  Because an amended complaint completely replaces the original complaint, plaintiff must
5  include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258,
6  1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate
7  material from the original complaint or prior amended complaints, such as exhibits or
8  supporting documentation, by reference. Plaintiff must include all of his claims and name
9  all defendants in the second amended complaint. **Failure to file a second amended**
10 **complaint within the designated time will result in the court reviewing only the**
11 **claims and allegations in the amended complaint.**
12    2.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the clerk headed
14 "Notice of Change of Address." He must comply with the court's orders in a timely
15 fashion or ask for an extension of time to do so. Failure to comply may result in the
16 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
17    3.    Plaintiff's motions to submit addenda (Docket Nos. 15, 18, 20 & 22) are
18 DENIED.
19    4.    Plaintiff's motion for appointment of counsel (Docket No. 10) is DENIED
20 without prejudice.
21    5.    Plaintiff's motion for production of documents (Docket No. 11) is
22 DENIED.
23    This order terminates Docket Nos. 10, 11, 15, 18, 20 & 22.
24
25    IT IS SO ORDERED.            *Ronald M. Whyte*
   DATED: 2/22/08                 _____
26                                RONALD M. WHYTE
                                  United States District Judge
27
28

1  This is to certify that on __2/25/08__, a copy of this ruling was mailed to the following:

2

3  **Richard Gary Hall**
4  C-07278
   Correctional Training Facility
5  YW-343 up
6  P.O. Box 689
7  Soledad, CA 93960-0705

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Plaintiff's Request for Leave to File an Amended Complaint; Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.07\Archer329dwlta                    4

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|---|
| C-07278 | HALL | | 12-17-1983 | CTF-NOR | WB-339U | VI-01-08-0038 |
| VIOLATED RULE NO(S) | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| CCR §3005(b) | Refused A Direct Order To Move To Toro Dorm | | | Whitney B-Side | 1/24/2008 | 1236 Hours |

**CIRCUMSTANCES**

On 1/24/2008, at approximately 1236 hours, while I was assigned as Whitney B-Side Officer, I ordered Inmate HALL, C07278, WB339U, to move to Toro Dorm. Inmate HALL refused to move and stated, "I will move to Central." I informed Inmate HALL that he would be receiving a CDC-115 for refusing to move. Inmate HALL is aware of this CDCR-115 RVR and the specific charge. Inmate HALL is not a mental health patient / participant at any level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ C. M. Gonzales, Correctional Officer | | Whitney B-Side Officer, 2/W | S/S |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | [ ] INMATE SEGREGATED PENDING HEARING | |
| ▶ A. R. Days, Correctional Sergeant | 1-4-08 | DATE _____ LOC. _____ | |
| CLASSIFIED [ ] ADMINISTRATIVE [X] SERIOUS | OFFENSE DIVISION: "F" 0-30 | DATE | CLASSIFIED BY (Typed Name and Signature) ▶ L. Chavez, Jr., Correctional Lieutenant | HEARING REFERRED TO [ ] HO [X] SHO [ ] SC [ ] FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| [ ] CDC 115 | ▶ | | | | | |
| [ ] INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

**HEARING:**

PLEA: Inmate HALL pled **NOT GUILTY**.

FINDINGS: Inmate HALL has been found **GUILTY** of being in violation of CCR§ 3005(b), specifically **Refused A Direct Order To Move To Toro Dorm**.

DISPOSITION: Inmate HALL is assessed 30 Days Forfeiture of Credit, which is consistent with a Division "F" Offense, CCR §3323(h)(3); 90 Days on Privilege Group "C" beginning 2/6/2008 until 5/6/2008. Inmate HALL is allowed one-fourth (¼), the maximum monthly canteen draw as authorized by the director. No access to recreational or entertainment activities; yard access limited to "C" status, (Monday/Wednesday/Friday from 1500 to 1600 hours); No family visit; No personal property package; No accrual excused time off (E.T.O.); and No telephone calls, only emergency telephone calls as determined by facility staff; per CCR§ 3044(f)(3)(A) through (E); Counseled and Reprimanded.

(CONTINUED ON PART-C, PAGE 2 of 2)

| REFERRED TO [ ] CLASSIFICATION [ ] BPT / NAEA | | | | DATE | TIME |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) ▶ J. Rivero, Correctional Lieutenant (SHO) | | SIGNATURE ▶ | | | |
| REVIEWED BY: (TYPED NAME) ▶ J. Sareli, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ G.A. Ortiz, Associate Warden, CDO | | DATE | |
| | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |
| [ ] COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING | | | | | |

CDCR115 (7/88)   115 TB: _____   115 HB: _____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-67278 | HALL | VI-01-08-0038 | CTF-NORTH | 02/06/08 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT   ☐ OTHER_____

**HEARING:** Inmate HALL appeared before the Senior Hearing Officer on 02/06/08, at 1134 hours. The purpose for the hearing was explained. Inmate HALL acknowledges receiving all copies of relevant documents more than 24 hours prior to this hearing.

**INMATE'S HEALTH:** Inmate HALL stated that his health is good.

**MHDS:** Inmate HALL is not a mental health patient / participant at any level of care.

Date of discovery: 01/24/08            Initial RVR copy issued on: 01/26/08
Hearing started on: 02/06/08           Last document issued to inmate on: 01/26/08
DA postponed date: NONE                DA results issued date: NONE

**TIME CONSTRAINTS:** Time Constraints were met.

**STAFF ASSISTANT (SA):** A Staff Assistant was not assigned, as the criteria per CCR§ 3315(d)(2) were not met.

**T.A.B.E.:** Inmate HALL's "T.A.B.E." Reading Score is 12.6.

**INVESTIGATIVE EMPLOYEE (IE):** An Investigative Employee was not assigned, as criteria per CCR§ 3315(d)(1) were not met.

**DA REFERRAL:** NO

**ADDITIONAL EVIDENCE REQUESTED OR USED:** NONE

**VIDEO TAPE EVIDENCE:** NO

2

**INMATE STATEMENT:** Inmate HALL pled NOT GUILTY and stated, "I'm not guilty because I'm prohibited to live in a dorm because North Facility has no electric fence, per Headquarter Director, November 18, 1998." Inmate HALL had no further statement for this hearing.

**WITNESSES REQUESTED OR PROVIDED:** Inmate HALL did not request the presence of any witnesses.

**WITNESS TESTIMONY AT HEARING:** NONE

**CONFIDENTIAL INFORMATION:** NO

**FINDINGS:** This finding is based on the information provided in the Rules Violation Report, in which the Reporting Employee, Correctional Officer C. M. GONZALES, documents, On 1/24/08, at approximately 1236 hours, while I was assigned as Whitney B-Side Officer, I ordered Inmate HALL, C07278, WB339U, to move to Toro Dorm. Inmate HALL refused to move and stated, "I will move to Central."

**ADDITIONAL DISPOSITION:** NONE

**ENEMY CONCERNS:** NO

**APPEAL RIGHTS:** Inmate HALL was advised he will receive a completed copy of the CDCR-115 RVR upon final audit by the Chief Disciplinary Officer. Inmate HALL was also advised of his right to appeal, the methods of appealing, and credit restoration procedures.

| SIGNATURE OF WRITER: J. Rivero, Correctional Lieutenant (SHO) | DATE SIGNED: 2/1/08 |
|---|---|

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED: 2-10-08 | TIME SIGNED: |

CDCR 115-C (5/95)

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
                                                                                    CDCR-128 B (8-87)

NAME and NUMBER    **HALL**                        **C-07278**              **YW-343U**

As a result of a guilty finding on **2/6/2008** of CDC-115 Director's Rules Violation Report, Log # **VI-01-08-0038**, dated 1/24/2008, Inmate HALL, C-07278, YW-343U, is being placed on Privilege Group "C" for a period of **90 days, beginning 2/6/2008 until 5/6/2008**. Inmate HALL is allowed one-fourth (¼), the maximum monthly canteen draw as authorized by the director. No access to recreational or entertainment activities; yard access limited to "C" status, No family visits; No personal property packages; No accrual excused time off (E.T.O.); and No telephone calls, only emergency telephone calls as determined by facility staff, per CCR§ 3044(f)(3)(A) through (E). These assessments are in effect throughout the Privilege Group "C" period.

4

ORIG:  C-File              Canteen Manger        J. Rivero, Correctional Lieutenant
  cc:  Unit File            Inmate                Unit VI, Senior Hearing Officer
       Housing Unit Officer Writer                CTF-North
       Family Visit Sergeant
       North Package Room

DATE    2/6/2008    (DISCIPLINARY DISPOSITION/ PRIVILEGE GROUP "C")    CTF-N          GENERAL CHRONO

NUMBER: C-07278   NAME: HALL   HOUSING: WB-339 UP   CDC-128-G (Rev. 4/74)

Summary: ANNUAL IN ABSENTIA: CPP (YARD CREW), DOUBLE CELL/DORM APPROVED, DOES NOT MEET MDO REFERRAL CRITERIA.

| | | | |
|---|---|---|---|
| Custody: MED A | Release: NEXT BPT 9/2006 | | Fac. Level: III |
| GPL: 10.4 | Reclass: 8/1/06 | I/M's Age: 47 | CS / Level: 19 / II |
| Work Group: A1 | Privilege Group: A (Eff: 12/22/87) | | RPS: LIFER |

HALL's case factors were reviewed before Unit VI U.C.C. today for Annual Classification. HALL's written request dated 1/4/06 requested that his Annual Classification to held in absentia because he is satisfied with his program and wishes to continue the present program at CTF-NORTH in the B-yard crew. His custody was reviewed and MED A custody remains appropriate. The classification score of 19 reflects a mandatory minimum score due to violence and lifer status. HALL had 2 period(s) with no serious CDC-115s and 2 period(s) of satisfactory assigned programming. HALL is currently assigned to the B-yard crew. TB Code: 32, 128c dated 5/9/05. All other case factors remain the same as reflected on CDC-128G dated 7/25/79. COMMITTEE ACTIONS: Continue the present program (YARD CREW). Double cell approved. COMMENTS: Committee's actions are not adverse and the action was taken at the inmate's written request. HALL will be notified of the Committee's action.

CHAIRPERSON: J. FRYE FACILITY CAPTAIN(A)   Recorder: R. QUINTERO CCI
Panel:   J. FRYE FACILITY CAPTAIN(A): M. BOTELLO CCI: R. QUINTERO CCI /rrq

Dist.: C-File
       Inmate

DATE: 1/6/06         Classification: ANNUAL/IN ABSENTIA         Inst: CTF-N

NUMBER: C-07278   NAME: HALL        HOUSING: WB-339U        CDC-128-G (Rev. 4/74)

Summary: ANNUAL REVIEW: CPP YARD CREW.

| | | |
|---|---|---|
| Custody: MED-A | Release: SUB-13 10/06 | Fac. Level: III |
| GPL: 10.4 | Reclass: 8/1/06   I/M's Age: 47 | CS / Level: 19 / II |
| Work Group: A1 | Privilege Group: A (Eff:. 12/22/87) | RPS: N/A |

Inmate HALL appeared before Unit VI U.C.C. today for Annual Classification. His custody was reviewed and MED-A custody remains appropriate. The Classification Placement Score has been adjusted to 19 points reflecting no period(s) of minimum custody, two period(s) of no serious CDC-115s and two period(s) of satisfactory assigned programming. The inmate is currently assigned to Yard Crew. CASE FACTORS: TB Code: 32, CDC 128-C dated 5/9/05. All other case factors remain the same as reflected on CDC 128-G dated 7/25/79. COMMITTEE ACTIONS: CPP Yard Crew. COMMENTS: The inmate actively participated in today's U.C.C. and acknowledged his understanding and agreement with the Committee's actions. The inmate was advised of his right to appeal the Committee actions and was informed his next scheduled annual classification would be during 8/07. 72 hour written notification was provided per CCR 3375(f) (1), CDC 128-B-1 on file.

CHAIRPERSON: S. M. CARAVELLO, F. C. (A)         Recorder: D. MARTINEZ, CC-I
Panel: S. M. CARAVELLO, F. C. (A): D. MARTINEZ, CC-I; M. J. BOTELLO, CC-I.

Dist.: C-File
       Inmate

DATE: 7/25/06       Classification: ANNUAL REVIEW       Inst: CTF-III

NOV-17-98 TUE 10:03 AM                11/19/98            FAX NO.                        P. 01/01

State of California                                                        Department of Corrections

# Memorandum

Date : November 16, 1998

To : Wardens

Subject: INSTITUTIONAL PLACEMENTS FOR INMATES WITH LIFE TERMS

The purpose of this memorandum is to clarify expectations and guidelines for determining appropriate placements for Close Custody inmates with Life terms.

- Inmates serving Life terms with a Level II classification score who meet Medium Custody criteria may be housed in Level II facilities with an electrified fence, or within celled Level II facilities, [California State Prison, San Quentin, (SQ), Correctional Training Facility (CTF), or Folsom State Prison (FSP)].

- Inmates serving Life terms with a Level II classification score who meet Close B Custody criteria may be housed in celled Level II facilities, (SQ, CTF, or FSP), or within Level III facilities.

- Inmates serving Life terms and designated Close A Custody shall be housed in new design Level III or IV facilities.

Institutions shall ensure that local procedures for Life-term inmates are commensurate with the security level of the facility based on its design and construction; consistent with local staffing levels and resources; and are appropriate in meeting the goal of staff, inmate, and public safety.

If you have any questions or require additional information, please contact Ruth S. Melrose, Chief, Institution Operations, Institutions Division, at (916) 323-4108 or CALNET 473-4108. Institution staff may contact Marilyn Kalvelage, Chief, Classification Services Unit, at (916) 322-2544 or CALNET 492-2544.

DAVID TRISTAN
Deputy Director
Institutions Division

cc: M. T. Pickett            Ruth S. Melrose            Jesse Edwards
                                                                                                    51

August 19 2004
Supplemental Page
SECOND LEVEL APPEAL
CTF-N-04-01780

In your first level response you were advised of the following:

1) CTF North houses level I, II, III inmates.
2) As of 7/6/04, all level II "Lifers" are to be out of the North Dorm and to be housed in cells.
3) You are a level II lifer.
4) CDC policy states that lifers will be housed behind an electrified fence and if there is no electrified fence then lifers are to be housed in a cell.
5) You are appropriately housed on a multi-level yard.
6) Any transfer requests can be made during our next Annual Classification.
7) Classification has taken your needs, desires, etc., into consideration.

Based on the above information your appeal is being is being DENIED. Your request for transfer will be re-evaluated at your next UCC, be advised that current policy prevents in level transfer see attached memorandum dated September 4, 2002.

_____        _____
G. E. HARRIS                                                          Date
Associate Warden
CTF-North

_____        _____
J. Solis                                                                    Date
Warden (A)
CTF-Soledad


cc:   Inmate's Central File
      Appeals File

54

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 5, 2007

HALL, C07278
NOWBT3000000339U

Log Number: CTF-S-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have failed to provide necessary copies of your chrono(s).*

CDC 128G Classification Committee
Comments: UCC/ICC establsihes WG/PG, level of placement, transfers. Attach 128G. You have 15 days after receipt appealing a classification action.

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

NOTE: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RULES VIOLATION REPORT

T.A.B.E. Score is 8.9

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|
| C-02994 | CALLAHAN | | CTF-NOR | WA-305L | VI-01-08-0046 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | Refused A Direct Order To Move To Toro Dorm | Whitney A-side | 1/24/2008 | 1305 Hours |

**CIRCUMSTANCES**

On 1/24/2008, at approximately 1305 hours, while I was assigned as a Whitney A-Side Officer, I ordered Inmate CALLAHAN, C02994, WA305L, to move to Toro Dorm. Inmate CALLAHAN refused to move and stated, "Per order of Administrative agreement, I refuse to be housed in the dorm." I informed Inmate CALLAHAN that he would be receiving a CDC-115 for refusing to move.

Inmate CALLAHAN is aware of this CDCR-115 RVR and the specific charge. Inmate CALLAHAN is not a mental health patient / participant at any level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| K. W. Pinnecker, Correctional Officer | 1/24/08 | Whitney A-Side, 2/W | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| A. R. Days, Correctional Sergeant | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | "F" 0-30 | | L. Chavez, Jr., Correctional Lieutenant | ☐ HO ☒ SHO ☐ SC ☐ FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 1/24/08 | TIME 2042 | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME | |

**HEARING:**

**PLEA:** Inmate CALLAHAN pled **NOT GUILTY**.

**FINDINGS:** Inmate CALLAHAN has been found **GUILTY** of being in violation of **CCR§ 3005(b)**, specifically **Refused A Direct Order To Move To Toro Dorm**.

**DISPOSITION:** Inmate CALLAHAN is assessed 30 Days Forfeiture of Credit, which is consistent with a Division "F" Offense, CCR §3323(h)(3); 30 Days on Privilege Group "C" beginning 2/6/2008 until 3/7/2008. Inmate CALLAHAN is allowed one-fourth (¼), the maximum monthly canteen draw as authorized by the director. No access to recreational or entertainment activities; yard access limited to "C" status, (Monday/Wednesday/Friday from 1500 to 1600 hours); No family visit; No personal property package; No accrual excused time off (E.T.O.); and No telephone calls, only emergency telephone calls as determined by facility staff; per CCR§ 3044(f)(3)(A) through (E); Counseled and Reprimanded.

(CONTINUED ON PART-C, PAGE 2 of 2)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT / NAEA | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) J. Rivero, Correctional Lieutenant (SHO) | | | | |
| REVIEWED BY: (TYPED NAME) J. Sareli, Facility Captain | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE G.A. Ortiz, Associate Warden, CDO | DATE | |
| ☐ COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | DATE | TIME |

CDCR115 (7/88)
115 TB _____ 115 HB _____

Assignment Ducat/Activity Card

CDC#: C07278  HALL, RICHARD G
EFF : 02/27/2008
BED#: CFYWT3 343U
LOC : YWG2
RDO : SU M
JOB#: PTRCC.313  YWG2  PORTER
HRS: 0630-1100 1130-1330

AUTHORIZED BY: _____

## INMATE LEGAL RESEARCH
### CENTRAL LIBRARY PASS

*Deadline Start Date: 2/1/2008*

This pass is issued to the below named inmate by the Central Facility Librarian for the sole purpose of **LEGAL RESEARCH**, in the Central Library, on Tue. thru Fri. Also, Sunday afternoons if inmate has a RED CARD.   **This is not a deadline pass.**

| | |
|---|---|
| Inmate: | **HALL** |
| CDCR#: | **C07278** |
| Cell#: | **YW-343U** |
| Pass Expires: | **3/2/2008** |

**R**

Extension: *Timothy S. Crawford*

Timothy S. Crawford, Senior Librarian
CTF - Central Facility