STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



January 23, 2008


Richard Hall, Jr.  C-07278
Correctional Training Facility-Soledad
P.O. Box 686
Soledad, CA  93960

Dear Mr. Hall:

This is in response to your letter dated December 30, 2007, referencing information regarding your caseworker at the institution.  Also, attached with your letter are two (2) copied letters that were previously sent to you from the Board of Parole Hearings (Board) dated November 14, 2007, and December 7, 2007

The Board's records reflect your parole consideration hearing is scheduled for April 2, 2008.

The California Department of Corrections and Rehabilitation is the sole custodian of all inmates' central files.  The Board will forward your letter and attachments to the institution's Records Office for placement in your central file.  The Board will review all letters and material contained within the central file at the parole consideration hearing.

This issue in your letter will not be responded to in future correspondence.

Sincerely,



S. LABARE
Staff Services Manager I

2/26/08

Cc:  CMF Records Office – Board Desk

tg

YW - 133

STATE OF CALIFORNIA--CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
Post Office Box 4036
Sacramento, CA 95812-4036



November 1, 2007

Ms. Mary A. Tardiff
Attorney at Law
7343 El Camino Real
PMB #353

Atascadero, CA 93422

*Compare with the 1st page.*

Re : MC GRAW, DAVID, HENRY
     C36067

Dear Ms. Tardiff:

This is your confirmation to represent the above individual as follows:

|  |  |
|---|---|
| Type of Hearing: | Subsequent #11 |
| Date of Hearing: | Tuesday, April 1, 2008 |
| Time: | 03:30 PM |
| Place: | Correctional Training Facility Soledad |
| Attorney Retained by: | State |

Please make arrangments to interview your client and review his/her file at least two weeks prior to the hearing. To ensure that arrangements will be made for your client to report promptly for the interview, contact the Institution Hearing Coordinator no later than 48 hours before the interview.

Institution Hearing Coordinator:        (831) 678 - 3951 ext. 4340

You should anticipate that a representative from the district attorney's office will participate in the hearing, either by sending a representative to the institution or via video conference. In addition, participation by the victim of the crime or the victim's next of kin may also occur with their appearance at the hearing or via video conference.

If you have any questions regarding this matter, please contact Sandra Maciel at (916) 324-1931.

Sincerely,

John Monday
Executive Officer (A)

BY:
Sandra D. Maciel, Manager
Hearing Support Unit

cc: C-File, Inmate

YW-133L

STATE OF CALIFORNIA - Department of Corrections and Rehabilitation    Arnold Schwarzehegger, Governor

**Board of Parole Hearings**
Post Office Box 4036
Sacramento, CA 958124036

## NOTICE OF HEARING

**DATE:**     **January 16, 2008**

**TO:**       **RICHARD RUTLEDGE**
              **7960 B SOQUEL DR. SUITE 354**
              **APTOS  CA  95003**

**RE:**       **Attorney Retained at Parole Hearing -  DAVID,HENRY, MC GRAW**
                                                       **C36067**
**Dear**      **RICHARD RUTLEDGE**

This is your confirmation to represent the above individual as follows:

|  |  |
|---|---|
| Type of Hearing: | Subsequent Suitability Hearing |
| Date / Time: | May     14, 2008 03:30 PM |
| Institution: | Correctional Training Facility |
|  | PO BOX 686 |
|  | SOLEDAD, CA 93960 |
|  |  |
| Attorney Retained By: | State |

Please make arrangements to interview your client and review his/her file at least two weeks
prior to the hearing.  To ensure arrangements will be made for your client to report promptly
for the interview, contact the Institution Hearing Coordinator no later than 48 hours before the
interview.

You should anticipate a representative from the district attorney's office will participate in the
hearing, either by sending a representative to the institution or via video conference.  In
addition, participation by the victim of the crime or the victim's next of kin may also occur with
their appearance at the hearing or via video conference.

If you have any questions regarding this matter, please contact Linn Austen at (916) 324-0800.

Sincerely,

John Monday
Executive Officer

By:
Linnette Austen, Manager
Hearing Support Unit

cc: C-File, Inmate

STATE OF CALIFORNIA        DEPARTMENT OF CORRECTIONS
INMATE PASS                                CDC 127 (7/87)

| INMATES NAME | CDC # | HOUSING # |
|---|---|---|
| MCGRAW | C36067 | YW    1331 |
| ISSUED BY: | DATE | PASS FROM |
| V.C. Russell LT(A) | 3/18/2008 |  |
| PASS TO: | DATE | TIME |
| BPT COMPLEX RM |  | 0830 |
| REASON   TERRY M. | 4355 | |

BPT PSYCH INTERVIEW

| ARRIVAL TIME |  | RECORDED BY |
|---|---|---|
| DEPART TO | TIME | RECORDED BY |

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



February 27, 2008

Richard Hall, Jr. C-07278
Correctional Training Facility-Soledad
P.O. Box 686
Soledad, CA 93960

Dear Mr. Hall:

This is in response to your letter addressed to Timothy Lockwood, dated February 6, 2008, disputing the CDC 128-B general chrono written by Correctional Counselor I, M. Terry.

The Board's records reflect your parole consideration hearing is scheduled for April 2, 2008.

Effective May 1, 2004, the Board of Prison Terms section (15 CCR § 2050-2056) was repealed by Administrative Directive No. 04/01. The Board of Prison Terms (now the Board of Parole Hearings) no longer has an Appeals Unit; therefore, the decisions or actions regarding the issues listed below cannot be appealed and will no longer be addressed by the Board, regardless of whether the issues are written on a BPT 1040, a CDC 602, or in letter format:

- Due process (including hearing scheduled/postponements)
- Hearing panel issues
- Mitigating factors of parole suitability
- CDCR clerical errors regarding date/time/credit calculations
- CDCR staff related issues (prison transfers, programming)
- Parole consideration (grant/denial or parole)
- Court issues (recall of sentence)
- Attorney representation

You may go directly to the courts per California Department of Corrections, 15 CCR § 3160, Inmate Access to the Courts. Forms are available at the institution's law library.

*REC'D*
*3/18/08*

RICHARD HALL
MARCH 2, 2008
PAGE 2


Issues concerning clerical errors on the BPT 1001 Life Prisoner Decision Face Sheet form related to Board decision, and other rules of law, can be reviewed by the Board. You can submit these concerns via correspondence to the Board of Parole Hearings, P.O. Box 4036, Sacramento, California, 95812-4036.

This issue in your letter will not be responded to in future correspondence.

Sincerely,


S. LABARE
Staff Services Manager I

tg

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**INMATE PASS**                                                    CDC 129 (7/88)

| INMATE'S NAME | | CDC # | HOUSING # |
|---|---|---|---|
| HALL | | C07278 | YW    343U |
| ISSUED BY | | DATE | PASS FROM |
| V.C. Russell, LT(A) | | 3/5/2008 | |
| PASS TO | | DATE | TIME |
| B.P.T COMPLEX RM | | | 0850 |
| REASON    BERNAUER | 1395 | | |
| | **ATTORNEY VISIT** | | |
| ARRIVAL TIME | | RECORDED BY | |
| DEPARTED | TIME | RECORDED BY | |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

*WHY DUCAT ME
FOR AN ATTORNEY VISIT
JUST 2 DAYS AFTER
I GET A PSYCH INTERVIEW?
DO YOU SUPPOSE
HIS REPORT WAS
READY IN
48 HOURS?*



STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
**INMATE PASS**                                                    CDC 129 (7/88)

| INMATE'S NAME | | CDC # | HOUSING # |
|---|---|---|---|
| HALL | | C07278 | YW    343U |
| ISSUED BY | | DATE | PASS FROM |
| V.C. Russell, LT(A) | | 3/3/2008 | |
| PASS TO | | DATE | TIME |
| B.P.T COMPLEX RM | | | 0945 |
| REASON    TERRY M | 1355 | | |
| | **B.P.T PSYCH INTERVIEW** | | |
| ARRIVAL TIME | | RECORDED BY | |
| DEPARTED | TIME | RECORDED BY | |

*WHY WOULD I SEND Nicholas Agbo at 2LB Legal Mail Parcel if He did not Convince ME He was still Appointed by the State to Represent ME? MAR 14 2008*

# TRUST ACCOUNT WITHDRAWAL ORDER

**To:  Warden or Superintendent**          Approved ............................

Date *MARCH 13 2008* 19....

I hereby request that my Trust Account be charged $ ............ *5.05* ........ *2Lb* ........ *9.7 OZ* for the purpose stated below and authorize

the withdrawal of that sum from my account:

*C-07278*
_____
NUMBER

*Richard Gary Hall*
_____
NAME (Signature please, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(do not use this form for Canteen or Hobby purchases).

PRINT PLAINLY BELOW name and address of person
to whom check is to be mailed.

PURPOSE ......... *LEGAL MAIL POSTAGE* ...............

NAME *MR. NICHOLAS AGBO*

ADDRESS *ATTORNEY-AT-LAW*

*7901 OAKPORT ST, SUITE #4900*

*OAKLAND, CA 94621*

*PLEASE RETURN THIS DUPLICATE AS MY RECEIPT. THANK YOU.*

*RICHARD GARY HALL, JR.*
PRINT YOUR FULL NAME HERE

CDC-193

FILED

MAR 1 2 2008

CONNIE MAZZEi
CLERK OF THE SUPERIOR COURT
NOEMI BECERRA DEPUTY

1  Richard Gary Hall, Jr. C-07338
2  Correctional Training Facility
   P.O. Box 689/ YW-343U
3  Soledad, Ca 93960-0689

4  In Pro Se

5

6      In the Superior Court of California

7      For the County of Monterey

8

9  In Re                          Case No: HC-6033

10  Richard Gary Hall, Jr.          'Affidavit'

11

12  On Habeas Corpus

13

14  Now comes, Richard Gary Hall, Jr. Petitioner in the above entitled

15  Action. Petitioner hereby declares: On Febuary 27, 2008, he

16  Filed an 'affidavit' in the above entitled Action reg-

17  -arding new developments relevant to the above enti-

18  -led action. As of March 5, 2008, Petitioner still had

19  Not received any written notice explaining why his

20  Pending Parole Consideration Hearing had been

21  Cancelled due to Postponement. Wherein state

22  appointed Attorney Nicholas Agbo was discharged

23  of his Duty, and by whom.

24  On March 3, 2008, Petitioner was interviewed at

25  Length by a Board of Parole Hearings (BPH) Appoint-

26  -ed Psychologist.

27  On March 4, 2008, Petitioner was issued a Priority

28  Ducat to Report to the Prisons 'BPT-Complex' at

(1)

0850 ON MARCH 5, 2008 FOR AN ATTORNEY VISIT.

WHICH STRUCK PETITIONER AS ODD. DUE TO THE

FACT HE HAD PREVIOUSLY BEEN NOTIFIED BY AN

UNIDENTIFIED PARTY ON 2/21/08 THAT NICHOLAS

AGBO HAD BEEN DISCHARGED AS HIS STATE APPOIN-

-TED ATTORNEY, AND HIS PENDING PAROLE CONSIDER-

-ATION HEARING HAD BEEN POSTPONED.


ON MARCH 5, 2008. PETITIONER REPORTED PROMPTLY TO

AFORESAID ATTORNEY VISIT. (SEVERAL OTHER INMATES

DID AS WELL. MUCH TO PETITIONERS SHOCK, HE WAS

(SUMMONED TO BE INTERVIEWED BY ATTORNEY MARY

ANN TARDIFF. WHO (JUST SO HAPPENED TO BE THE

SAME INCOMPETENT ATTORNEY APPOINTED HIM BY

THE STATE TO REPRESENT HIM AT HIS PAROLE

CONSIDERATION HEARING ON OCTOBER 3, 2007.


PETITIONER WAS GIVEN NO PRIOR WRITTEN NOTICE

FROM BOARD OF PRISON HEARINGS (BPH) HEADQUARTER

-S THAT THE STATE HAD RETAINED MARY ANN TARDIFF

TO REPRESENT HIM. PETITIONER HAD NOT BE GIVEN

ANY OFFICIAL NOTICE OF HEARING IN COMPLIANCE

WITH STATE LAW. PETITIONER HAD NOT AUTHORIZED

HIS CENTRAL FILE (BE RELEASED FOR MARY ANN

TARDIFF OR ANY OTHER ATTORNEY TO REVIEW

WITH HIM IN ORDER TO COMPETENTLY AND PROPER-

-LY PREPARE HIS CASE. WHEN PETITIONER BROUGHT

THESE CRITICAL FACTS TO THE ATTENTION OF MARY

1  ANN TARDIFF. SHE EXHIBITED A FLIPPANT AND SOME-
2  -WHAT ACRIMONIOUS ATTITUDE. SHE CLAIMED THAT
3  PETITIONER MUST HAVE BEEN AN 'ADD-ON'. AND
4  IF SHE HADN'T CHECKED THE INTERNET. SHE WOULD
5  HAVE KNOWN NOTHING ABOUT IT. MARY ANN
6  TARDIFF FAILED TO SUBSTANTIATE HER CLAIMS
7  WITH A SHRED OF DOCUMENTARY EVIDENCE. AND
8  BECAUSE PETITIONER HAD NOT BEEN SERVED
9  NEW HEARING RIGHTS / NOTICE OF HEARING.
10 NOR HAD HE SIGNED A RELEASE OF HIS
11 CENTRAC FILE BECAUSE THE STATE HAD NOT
12 GIVEN HIM WRITTEN NOTICE THAT A SIXTH
13 ATTORNEY HAD BEEN APPOINTED HIM. PETITIONER
14 APPROPRIATELY REFUSED TO BE INTERVIEWED BY THE
15 INCOMPETENT LIKES OF MARY ANN TARDIFF. WHO
16 WAS CLEARLY OPERATING OUTSIDE NORMAL AND
17 APPROPRIATE WRITTEN PROTOCOLS / LAW.

18
19 PETITIONER WILL NOTIFY THE STATE BAR ABOUT
20 THIS UNUSUAL OCCURANCE. PETITIONER HAS ALSO
21 BROUGHT TO THIS COURTS ATTENTION IN THE
22 ABOVE ENTITLED ACTION THAT A SIMILAR OCCUR-
23 -ANCE TOOK PLACE IN OCTOBER 2006. INVOLVING
24 SACRAMENTO ATTORNEY- CANDICE CHRISTENSEN. AND
25 OF COURSE (2) OFFICIAL NOTICES OF HEARINGS
26 SENT OUT TO ATTORNEY DANIEL COLIN OF ESCONDIDO.
27 CA. YET PETITIONERS LEGAL LETTERS TO MR. COLIN ON
28 FOUR (4) SEPARATE OCCASIONS WERE "RETURNED TO

(3)

1  SENDER. PROVING ATTORNEY DANIEL COLIN COULD

2  NOT HAVE RECEIVED THE OFFICIAL NOTICES

3  OF HEARING (SENT TO HIM UNDER THE COLOR

4  OF STATE LAW.

5

6  I DECLARE UNDER PENALTY OF PERJURY THAT THE

7  FOREGOING IS TRUE AND CORRECT.

8

9  DATE: ___MARCH___ 2008

10

11               RESPECTFULLY SUBMITTED:

12               RICHARD GARY HALL JR
                 PETITIONER / AFFIANT

13



*Matthew L. Cate, Inspector General*                                          *Office of the Inspector General*

March 17, 2008

Richard Hall, C-07278
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960



Dear Mr. Hall:

The Office of the Inspector General has received your correspondence.

We conducted a limited inquiry into the issues you raised, and were informed that an attorney
was appointed for you on November 13, 2007, and that your next parole consideration hearing is
scheduled for April 2, 2008

While we conducted a limited inquiry of your concerns, it is not possible for us to fully research
and respond separately to each complaint. Therefore, we attempt to focus our audit and
investigative resources on issues where the greatest needs exist. We believe that in this way we
can provide the greatest benefit to you and others who have been affected. If we conduct an
audit or investigation of the issues you raise, you may be contacted later.

The Office of the Inspector General considers this matter closed. Thank you for bringing your
concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General

SR:08-0006857-02

reasons are documented. Enter the score you have assigned as the override/underride in the space provided on the right-hand margin.

- Add/subtract your override/underride score from the Raw Score. This final number will be on a scale of zero to ten and shall be entered in the space provided at the bottom of the right-hand margin.

- The preparer of the Needs Assessment will legibly sign and date the assessment.

- The Risks Assessment Score and Needs Assessment Score, coordinated on the classification/work allocation grid, determine the level of supervision to which the case is assigned. A small grid is in the upper right-hand corner of each side of the form for quick reference. Put a check in the grid cell that reflects the level of supervision assigned. This check should be in the same grid cell on both sides of the form; e.g., High Control, High Service, Control/Service Emphasis, or Minimum Supervision.

### 86040.4    Revisions

The Deputy Director, P&CSD shall ensure that this section is current and accurate.

### 86040.5    References

Not Applicable.

### ARTICLE 50 — INFORMATION PRACTICES

*Effective August 31, 1989*

### 86050.1    General

CDC is authorized by statute to collect, maintain and utilize information on individuals (including current and former inmates, parolees and releasees, employees and other individuals) necessary to accomplish its statutory purpose and function.

Information collected and maintained by the P&CSD and CDC will generally consist of three categories by content:

- Exempt.
- Personal.
- Non-personal.

All information will be maintained by the P&CSD with integrity, timeliness, accuracy and security. Persons or agencies to whom the P&CSD discloses information will be requested to maintain similar standards. Departmental policy and procedures set forth in this Article and other departmental regulations and directives are intended to safeguard the privacy and the right of review of information under CDC's control and are established pursuant to existing statutory and case law requirements.

No record or file containing personal or exempt information on an individual or individuals will be established or maintained by any division, section, unit, institution or field operation unless the authority for same is found in CDC's approved procedural manuals, directives or bulletins, or has been specifically approved in writing by the Director.

Procedures in this Article will apply to any authorized departmental records, files, system of records or files containing information on present or former inmates, parolees, residents, releasees and employees where such information is retrievable by the subject's name, identification number or other identifiable means.

Any employee who intentionally violates any provisions of the CCR or any departmental procedural manual relating to information practices may be subject to adverse action, including termination of employment.

Civil action may be brought against CDC for failure to comply with an individual's lawful request for record review, including failure to respond within specified time limits, for failure to maintain recorded information with accuracy, timeliness, completeness and security, and for failure to comply with any provisions of the IPA which adversely affects the individual.

Any person who willfully requests or obtains any record contai personal or exempt information from an agency under false pretense be guilty of a misdemeanor and may be fined for not more than $5,0 imprisoned for not more than one year, or both.

P&CSD, Headquarters staff will submit an Information Practices Rep the Departmental Information Practices Coordinator, on June 1st each

### 86050.2    Definitions

The following definitions will apply in this Article to personne parolee records:

#### Confidential Information

Information which is classified as confidential by the CDC unde authority of statute and case law, and depending on the contents, m withheld from the data subject and any other unauthorized person, a and entity. Confidential information includes but is not limit information which, if disclosed, would:

- Endanger the health and/or safety of the subject or other pe (may include medical and/or psychiatric information whic known to the subject of the information, would prove detriment

- Endanger the security of any departmental facility.

- Disclose personal or confidential information pertaining to a p other than the subject of the information when the inform would not reasonably be a part of the subject's knowledg experience.

- Impede an investigation or preclude CDC from accomplishin statutory purpose and function in criminal, civil or administr matters.    *55*

- Compromise the objectivity or fairness of the testing, appoin or promotion process.

- Release information required by statute to be withheld fron individual to whom it pertains.

#### Personal Information

Information which any person could assume the data subject woul want released to persons and entities who are not authorized and wl not have need-to-know. Personal information includes but is not limi education information, financial transactions, and medical or employ history and excludes that information designated as confidential or personal by departmental standards.

#### Non-Personal Information

Information contained in a record that, if disclosed, would detrimentally or adversely affect the subject of the information or individuals. Non-personal information may be released to a member general public in response to specific inquiry on a need-to-know basis the news media covering a newsworthy event involving the indiv The distinction between personal and non-personal information i always clear and care should be taken in making any disclosure.

#### Access

An individual's request to see his/her own records. (Any revie information contained in a record by the subject of that information c other person reviewing the information on behalf of or as an agent data subject.)

#### Disclose

To divulge, reveal, release, transmit, transfer, disseminate, or commun all or any part of any record orally, in writing, electronically, or b other means, to the data subject or any other person, agency or enti CDC.

#### Need-to-Know

Refers to a person having both a legitimate right and a reason to information from a file.

#### Data Subject

Any person about whom CDC maintains a record or file and inc current and former inmates, parolees, residents, current and fi

18

y From Officer.

...res or destroys, or takes
...ny person in taking one
stody of any officer or
ch such officer or person
...s of law, is guilty of a

...ary evidence. Penal Code

Code §7.

R 3

ING THEREIN

07.
y. §109.
from reformatory. §110.

Repealed 1941 ch. 106.

Reformatory.

or convicted of a felony
...aining school or reforma-
...pes or attempts to escape
...l or reformatory or county
...is punishable by impris-
y a fine not exceeding ten
...r by both such fine and
23 ch. 125, 1933 ch. 424,
6 ch. 1139, operative July

...al Code §4534.
Penal Code §109.
...ke escapee. Penal Code §855.
...to facility. Penal Code §4535.
...n. Welf. & Inst. Code §3002.
...ional Institution. Penal Code

...ational Institution. Penal Code

§4011.7.
...l Code §4133.
...n. Penal Code §4532.
...if. & Inst. Code §871.
...ncy. Penal Code §836.3.
...'. Penal Code §4536.
...§4530.
...elf. & Inst. Code §1768.7.
...al Code §1389.4.
...de §1554.1.
Penal Code §190.2.
...155.
...nal Code §4533.
...§854.
...from reformatory. Penal Code

...led 1941 ch. 106.

## §109.  Assisting Escape From Reformatory.

Any person who willfully assists any inmate of any public training school or reformatory to escape, or in an attempt to escape from such public training school or reformatory is punishable by imprisonment in the state prison, and fine not exceeding ten thousand dollars ($10.000). Leg.H. 1872, 1905 p. 645, 1907 p. 271, 1941 ch. 106, 1976 ch. 1139, operative July 1, 1977.

Cross-References
Assisting escape from custody. Penal Code §4534.
Assisting escape of Youth Authority ward. Welf. & Inst. Code §1152.
"Attempt" defined. Penal Code §7.
Attempt to rescue prisoner. Penal Code §4550.
Escape from hospital or reformatory. Penal Code §107.
Officer or guard assisting escape. Penal Code §4533.
Supplying anything to aid escape from reformatory. Penal Code §110.
"Willfully" defined. Penal Code §7.

§109a.  Enacted 1917. Repealed 1937 ch. 369.

## §110.  Supplying Anything to Aid Escape From Reformatory.

Every person who carries or sends into a public training school, or reformatory, anything useful to aid a prisoner or inmate in making his escape, with intent thereby to facilitate the escape of any prisoner or inmate confined therein, is guilty of a felony. Leg.H. 1872, 1905 p. 647, 1937 ch. 542, 1941 ch. 106, 1976 ch. 1139, operative July 1, 1977.

§111.  Enacted 1880. Repealed 1941 ch. 106.

# CHAPTER 4
# FORGING, STEALING, MUTILATING AND FALSIFYING JUDICIAL AND PUBLIC RECORDS AND DOCUMENTS

Manufacturing or selling false government documents with intent to conceal true citizenship—Misdemeanor; punishment [First Enacted Section]. §113.
Manufacturing, distributing, or selling documents to conceal true citizenship—Felony; punishment [Second Enacted Section]. §113.
Using false documents to conceal true citizenship—Felony; punishment. §114.
Attempt to record false or forged instrument. §115.
Use of unauthorized signature in campaign advertisement. §115.1.
Publication of campaign advertisement containing false depictions or representations of official public documents. §115.2.
Production or distribution of document containing inaccurate emergency service phone numbers—Punishment. §115.25.
Alteration of official record. §115.3.
Forgery of real property documents. §115.5.
Adding or extracting names from, or destroying, jury box. §116.
Jury tampering by payment for information—Misdemeanor; exception. §116.5.
Certifying false jury list. §117.

§113.  Enacted 1872. Repealed 1943 ch. 134.
Another §113 follows.

## §113.  [First Enacted Section] Manufacturing or Selling False Government Documents With Intent to Conceal True Citizenship—Misdemeanor; Punishment.

(a)  Any person who manufactures or sells any false government document with the intent to conceal the true citizenship or resident alien status of another person is guilty of a misdemeanor and shall be punished by imprisonment in a county jail for one year. Every false government document that is manufactured or sold in violation of this section may be charged and prosecuted as a separate and distinct violation, and consecutive sentences may be imposed for each violation.

(b)  A prosecuting attorney shall have discretion to charge a defendant with a violation of this section or any other law that applies.

(c)  As used in this section, "government document" means any document issued by the United States government or any state or local government, including, but not limited to, any passport, immigration visa, employment authorization card, birth certificate, driver's license, identification card, or social security card. Leg.H. 1994 ch. 17 (First Extra. Sess.), operative November 30, 1994.

1994 Note: Another §113 was inadvertently enacted.

## §113.  [Second Enacted Section] Manufacturing, Distributing, or Selling Documents to Conceal True Citizenship—Felony; Punishment.

Any person who manufactures, distributes or sells false documents to conceal the true citizenship or resident alien status of another person is guilty of a felony, and shall be punished by imprisonment in the state prison for five years or by a fine of seventy-five thousand dollars ($75,000). [Adopted by Initiative (Prop. 187) at the November 8, 1994, General Election.]

§114.  Enacted 1872. Repealed 1943 ch. 134.
Another §114 follows.

## §114.  Using False Documents to Conceal True Citizenship—Felony; Punishment.

Any person who uses false documents to conceal his or her true citizenship or resident alien status is guilty of a felony, and shall be punished by imprisonment in the state prison for five years or by a fine of twenty-five thousand dollars ($25,000). [Adopted by Initiative (Prop. 187) at the November 8, 1994, General Election.]

## §115.  Attempt to Record False or Forged Instrument.

(a)  Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.

# DECLARATION

1

2  I, RICHARD GARY HALL. JR. HEREBY DECLARE: ON AUGUST 23, 2007,

3  I DID IN FACT FORWARD VIA INSTITUTIONAL MAIL AN INMATE

4  APPEAL GRIEVANCE TO THE BOARD OF PRISON HEARINGS (BPH)

5  COORDINATOR. CC.I(A) M. TERRY. PURSUANT TO CCR. TITLE 15,

6  SECTION 3084.6(A)(1), M. TERRY HAD TEN(10) WORKING DAYS

7  TO RESPOND IN WRITING TO THE AFORESAID GRIEVANCE.

8  ON AUGUST 30, 2007, AT APPROXIMATELY 3:30 P.M., I WAS

9  (SEEN BY MY CASEWORKER CC.I(A). R. RUDDELL FOR THE PURPOSE

10  OF COMPLETING AN OLSEN REVIEW OF MY CENTRAL FILE

11  RECORD. CC.I(A). RUDDELL INFORMED ME THAT HE SPOKE TO

12  CC.I(A) M. TERRY ON OR AROUND AUGUST 29, 2007. AT WHICH

13  TIME CC.I(A). M. TERRY CLAIMED HE HAD NOT RECEIVED MY

14  INMATE APPEAL GRIEVANCE I FORWARDED TO HIM VIA

15  INSTITUTIONAL MAIL. CC.I(A) M. TERRY ALSO CLAIMED THAT

16  I COULD NOT BE RESCHEDULED FOR A NEW HEARING FOR

17  AT LEAST SIX(6) MONTHS.

18  ON AUGUST 26, 2007, I DID IN FACT FORWARD A COMPLIMENTARY

19  COPY OF THE SAME INFORMAL INMATE APPEAL GRIEVANCE

20  I FORWARDED TO CC.I(A) M. TERRY ON 8/23/07 TO THE

21  FOLLOWING ATTORNEY'S AT LAW:

22          1) MRS. AGNES BUNDY SCANLAN, ESQ

23          2) MR. DONALD SPECTOR, ESQ

24          3) MR. THOMAS MASTER, ESQ

25          4) MR. KEITH WATLEY, ESQ

26          5) MR. MATT GRAY, ESQ.

27  ON MARCH   2007, WHILE ACTING AS MY CASEWORKER CC.I

28  (A) M. TERRY DID IN FACT (SERVE ME AN ERRONEOUS AND

INCOMPLETE BOARD REPORT UNDER UNSUBSTANTIATED

PREMISE. MY BPH HEARING OF APRIL 6, 2007 WAS OFFICIALLY

POSTPONED DUE TO (SEVERAL DISCREPANCIES IN VIOLATION

OF MY DUE PROCESS RIGHTS. ONE OF WHICH WAS THE

(SUSPECT BOARD REPORT (SERVED ME BY CCICA) M. TERRY.

LET THE RECORD REFLECT THAT REPORT IS MARKED AS

EXHIBIT-D IN ACTIVE CASE NUMBER-HC-5710. THEREFORE

IT IS A MATTER OF (JUDICIAL RECORD. A COPY OF THIS

DECLARATION HAS BEEN (SERVED ON CCICA) M. TERRY.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FORE-

-GOING IS TRUE AND CORRECT. EXECUTED ON Sept 4, 2007

AT THE CORRECTIONAL TRAINING FACILITY IN (SOLEDAD, CA.

RICHARD GARY HALTER

DECLARANT

2

34

4

1   RICHARD GARY HALL.JR. C-07278
    CORRECTIONAL TRAINING FACILITY
2   P.O. BOX 6891 YW-343UP
    SOLEDAD, CA 93960-0689
3

4   IN PRO SE

5

6       IN THE SUPERIOR COURT OF CALIFORNIA

7       FOR THE COUNTY OF MONTEREY

8

9   IN RE                          CASE NO: HC-6033

10  RICHARD GARY HALL.JR.          'AFFIDAVIT'

11

12  ON HABEAS CORPUS

13

14  NOW COMES, RICHARD GARY HALL.JR. PETITIONER IN THE ABOVE ENTIT-

15  -LED ACTION. PETITIONER HEREBY DECLARES: ON MARCH 12, 2008,

16  PETITIONER FILED A SWORN 'AFFIDAVIT' IN THE COURT THAT

17  CONTAINED NEW DEVELOPMENTS RELEVANT TO THE ABOVE

18  ENTITLED ACTION. IN PARTICULAR THE STATE RETAINING

19  OF ATTORNEY NICHOLAS AGBO TO REPRESENT PETITIONERS

20  LEGAL INTEREST BEFORE THE 'BOARD OF PAROLE HEARINGS

21  (BPH) IN APRIL OF 2008. AND, THE CAPRICIOUS VISITATION

22  FROM ATTORNEY MARY ANN TARDIFF ON MARCH 5, 2008.

23

24  1) ON MARCH 12, 2008, PETITIONER WAS SUMMONED TO

25  THE BPT- COMPLEX AT THE 'CORRECTIONAL TRAINING FACILITY

26  IN SOLEDAD, CA AT APPROXIMATELY 1:00 P.M WITHOUT ANY

27  PRIOR WRITTEN NOTIFICATION. IT TURNED OUT, PETITIONER

28  RECEIVED AN OFFICIAL ATTORNEY VISIT FROM NICHOLAS AGBO

FILED

MAR 2 4 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
MARY CASTRO, DEPUTY

MAR 2 4 2008

1    FROM OAKLAND, CA. OTHER INMATE WERE ALSO SUMMONED IN

2    THE SAME ARBITRARY MANNER. AT LEAST ONE(1) OTHER TO

3    BE SEEN BY ATTORNEY NICHOLAS AGBO.

4

5    2.) DURING THE INTERVIEW WITH ATTORNEY AGBO PETITIONER

6    INFORMED HIM THAT HE HAD BEEN (BRIEFLY SEEN (JUST

7    SEVEN (7) DAYS BEFORE BY MARY ANN TARDIFF WITHOUT

8    RECEIPT OF ANY WRITTEN NOTICE OF RETAINER FROM

9    BOARD OF PAROLE HEARINGS (BPH) HEADQUARTERS IN SAC-

10   -RAMENTO, CA. PETITIONER ALSO INFORMED ATTORNEY AGBO

11   THAT HE'D RECEIVED A MAKESHIFT NOTICE ON FEBUARY

12   21, 2008 _ DATED NOVEMBER 1, 2008, STIPULATING THAT

13   HIS APRIL PAROLE CONSIDERATION HEARING HAD BEEN

14   POSTPONED. THEREFORE, MR. AGBO'S APPOINTMENT BY THE

15   STATE TO REPRESENT PETITIONER HAD ALLEGEDLY BEEN

16   CANCELLED. ATTORNEY AGBO WAS CLEARLY UNAWARE OF SUCH

17   DEVELOPMENTS. AND STIPULATED HE HAD NOT BEEN PROV-

18   -IDED ANY WRITTEN NOTICE TO OFFICIATE SUCH A DIS-

19   -CHARGE OF HIS DUTY.

20   3) ON THE MORNING OF MARCH 19, 2008, PRISON STAFF

21   CONTACTED PETITIONER WITH A CDC-FORM-B33- RECORD

22   INFORMATION RELEASE AUTHORIZATION ... INFORMATION TO BE

23   DISCLOSED - C-FILE REVIEW. M. TARDIFF WAS LISTED AS PETITI-

24   -ONERS ATTORNEY _ NOT NICHOLAS AGBO. IN THE 'AFFIDAVIT'

25   FILED ON MARCH 12, 2008 IN THE COURT, PETITIONER DID IN

26   FACT BRING TO THE COURTS ATTENTION THAT HE HAD ALRE-

27   -ADY RECEIVED AN UNANNOUNCED ATTORNEY VISIT FROM

28   MARY ANN TARDIFF ON MARCH 5, 2008. AND THAT

1   PRIOR TO HER CAPRICIOUS VISIT PETITIONER HAD NOT
2   BEEN PROVIDED WRITTEN NOTICE OF HEARING. NOR
3   HAD HE AUTHORIZED ANY ATTORNEY TO OBTAIN
4   HIS CENTRAL FILE TO CONDUCT A RECORDS REVIEW.
5   PETITIONER RATIONALLY REFUSED TO SIGNATURE END-
6   -ORSE A RECORD INFORMATION RELEASE AUTHORIZING
7   MARY ANN TARDIFF TO AQUIRE HIS CENTRAL FILE
8   TO REVIEW WITH HIM PRIOR TO HIS POSTPONED
9   PAROLE CONSIDERATION HEARING JUST TEN (10) DAYS
10  AWAY. ON THE GROUNDS IT WOULD JUSTIFY EITHER
11  A SECOND ATTORNEY VISIT AT TAXPAYERS EXPENSE
12  WITH MARY ANN TARDIFF. OR, IT WOULD SERVE TO
13  GIVE THE IMPRESSION THAT SUCH DOCUMENTATION
14  (C-FILE) WAS RELEASED TO BE REVIEWED DURING
15  PETITIONERS 3/5/08 VISIT WITH MS. TARDIFF.

16

17  4. THE FACT REMAINS, PETITIONER HAS BEEN INTERVIEWED
18  BY TWO (2) DIFFERENT ATTORNEY'S IN A SEVEN (7)
19  DAY PERIOD. AND PETITIONER HAS IN HIS POSSESSI-
20  -ON. AND HAS FILED SUCH DOCUMENTATION TO BE
21  REVIEWED IN THE ABOVE ENTITLED ACTION. THAT DOES
22  VERIFY THE STATE RETAINED NICHOLAS AGRO. NOT
23  MARY ANN TARDIFF TO REPRESENT PETITIONERS
24  LEGAL INTERESTS IN APRIL OF 2008.

25  5. PETITIONER HAS BEEN VISITED AT TAXPAYERS EXP-
26  ENSE BY SACRAMENTO ATTORNEY- CANDICE CHRISTENSEN ON
27  OCTOBER 13 :2006; ATTORNEY ANTHONY HALL FROM LOS AN-
28  -GELES. CA ON JANUARY   2007; ATTORNEY MARCIA HURST

1  FROM WASHINGTON STATE ON        2007; MARY ANN
2  TARDIFF IN SEDTEMBER OF 2007; MARY ANN TARDIFF
3  ON 3/5/08; AND NICHOLAS AGBO ON 3/12/08. IN TOTAL
4  SIX ATTORNEY VISITS SINCE PETITIONER'S INITIAL PROCESS-
5  -ING IN JUNE OF 2006 FOR HIS 14TH PAROLE CONSIDER
6  -ATION HEARING. BECAUSE OF PERPETUAL CONFUSION
7  DUE TO NO FAULT OF PETITIONERS. HIS CIVIL RIGHTS
8  CONTINUE TO BE VIOLATED WHERE AFFORDING HIM
9  DUE PROCESS AND EQUAL PROTECTION OF THE LAW
10 REMAIN CONCERNED.

11

12 I DECLARE UNDER THE PENALTY OF PERJURY THAT THE
13 FOREGOING IS TRUE AND CORRECT.

14

15 DATE: MARCH 20, 2008,                    RESPECTFULLY SUBMITTED:

16                                           _Richard Gary Hall Jr._

17                                           RICHARD GARY HALL, JR.
                                             PETITIONER

18

19

20

21

22

23

24

25

26

27

28

Name  *Richard Gary Hall, Jr.*

Address  *Correctional Training Facility*

*P.O. Box 689 / YW-343up*

*Soledad, CA 93960-0689*

CDC or ID Number  *C-07178*

# FILED

MC–275

MAR 2 4 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
MARY CASTRO DEPUTY

## IN THE SUPERIOR COURT OF CALIFORNIA

### FOR THE COUNTY OF MONTEREY

(Court)

| |
|---|
| *Richard Gary Hall, Jr.* |
| Petitioner |
| vs. |
| *James Tilton, et. al.* |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No.  *HC 6138*

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Page 1 of 6

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☑ Other (specify): *PRISON BOARD OF PAROLE HEARINGS (BPH) COORDINATOR FILED FALSIFIED DOCUMENT ~~AGAINST PETITIONER~~ REGARDING MATTERS UNDER JUDICIAL REVIEW.* PENDING

1. Your name: *RICHARD GARY HALL, JR.*

2. Where are you incarcerated? *CORRECTIONAL TRAINING FACILITY*

3. Why are you in custody?  ☑ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   *FIRST DEGREE MURDER*

   b. Penal or other code sections: *PENAL CODE SECTION 187*

   c. Name and location of sentencing or committing court: *SUPERIOR COURT OF SAN DIEGO COUNTY*

   d. Case number: *CRN-5046*

   e. Date convicted or committed: *MAY 29, 1979*

   f. Date sentenced: *JUNE 26, 1979*

   g. Length of sentence: *7-YEARS TO LIFE WITH THE POSSIBILITY OF PAROLE*

   h. When do you expect to be released? *UNKNOWN*

   i. Were you represented by counsel in the trial court?  ☑ Yes.    ☐ No. If yes, state the attorney's name and address:

   *DANIEL CRONIN / ADDRESS UNKNOWN*

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty    ☑ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                    MC–275

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

OFFICIAL STATE DOCUMENTATION OF A SLANDEROUS NATURE WAS
PLACED IN PETITIONERS CENTRAL (C CASE) FILE BY BOARD OF PAROLE
HEARINGS (BPH)-COORDINATOR WHICH CITED AMENDED LAW, AND STATED
FALSE CLAIMS IN REGARDS TO PETITIONS AND DOCUMENTATION FILED
IN THE COURTS.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

1) ON OR AROUND FEBUARY 5, 2008, PETITIONER RECEIVED OFFICIAL
STATE DOCUMENTATION (CDC 128-B) - GENERAL CHRONO, DATED
JANUARY 31, 2008. THE DOCUMENTATION WAS GENERATED
UNDER THE COLOR OF STATE LAW BY CORRECTIONAL
COUNSELOR (CCI) M. TERRY, BOARD OF PAROLE HEARINGS
(BPH)- COORDINATOR WHO IS EMPLOYED AT THE CORRECTIONAL
TRAINING FACILITY IN SOLEDAD, CA. THE AFORESAID OFFICIAL
STATE DOCUMENTATION WAS FILED IN PETITIONERS CENTRAL
(C-FILE) FILE RECORD. (SEE EXHIBIT-A)

2) THE INFORMATION PROVIDED IN THE DOCUMENTATION IN
(EXH-A) PERTAINS TO DOCUMENTATION FILED IN THE COURTS
AND REGULATORY LANGUAGE FOUND TO BE UNCONSTITUTIONAL

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

1) PETITIONER CONTENDS HE DID IN FACT HAVE SEVERAL
PENDING PETITIONS FOR WRITS OF HABEAS CORPUS
FILED IN THE STATE COURTS PRIOR TO JANUARY
31, 2008. THEREFORE, IT WAS FRAUDULENT TO STIPULATE

7. Ground 2 or Ground _____ *(if applicable)*:

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b.  Result _____  c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

            (2) _____

            (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a.  Result _____  b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

            (2) _____

            (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

      THIS PETITION PERTAINS TO ISSUES RELEVANT TO THE BOARD OF PAROLE HEARINGS (BPH) PER CCR, TIT. 15, SECTION 3160; AS WELL AS MATTERS OF PENDING JUDICIAL NATURE WHICH ARE OUTSIDE THE SCOPE OF THE PRISON ADMINISTRATIVE GRIEVANCE PROCEDURES.

_____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☑ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction,    MC–275
    commitment, or issue in any court?  ☐  Yes. If yes, continue with number 13.   ☐  No. If no, skip to number 15.

13. a. (1) Name of court: _____

       (2) Nature of proceeding (for example, "habeas corpus petition"): _____

       (3) Issues raised: (a) _____

              (b) _____

       (4) Result (Attach order or explain why unavailable): _____

       (5) Date of decision: _____

    b. (1) Name of court: _____

       (2) Nature of proceeding: _____

       (3) Issues raised: (a) _____

              (b) _____

       (4) Result (Attach order or explain why unavailable): _____

       (5) Date of decision: _____

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    _____
    _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949)
    34 Cal.2d 300, 304.)
    _____
    _____
    _____

16. Are you presently represented by counsel?  ☐  Yes.  ☐  No. If yes, state the attorney's name and address, if known:
    _____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐  Yes.  ☐  No. If yes, explain:
    _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    _____
    _____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California
that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief,
and as to those matters, I believe them to be true.

Date:  _MARCH 20, 2008_                          ▶ _Richard Gary Hall_
                                                            (SIGNATURE OF PETITIONER)

BY THE NINTH CIRCUIT COURT OF APPEAL IN RE _CHAKER V. CRO-_

_- GAN (2005)_  SEE _EXHIBIT-B_

3) BECAUSE THE 1/31/08 DOCUMENTATION CLEARLY CONC-

-ERNS DOCUMENTATION AND PETITIONS FILE IN THE STATE

COURT PRIOR TO ITS OFFICIATION AND FILING. IT IS

APPROPRIATE THAT PETITIONER SEEK VINDICATION AND

DUE RELIEF FROM THE JUDICIAL PRONG OF STATE

GOVERNMENT.

DATE: MARCH 20, 2008

RESPECTFULLY SUBMITTED

RICHARD GARY HALLER.
PETITIONER

( 2 )

UNDER COLOR OF STATE LAW VIA OFFICIAL DOCUMENTATION EXPLICITLY USED ONLY WITHIN THE ADMINISTRATIVE BRANCH OF STATE GOVERNMENT DESIGNED TO CAST PETITIONER'S CHARACTER INTO A NEGATIVE LIGHT.

2) THE COURT'S OWN RECORDS SHALL VERIFY THAT ON JANUARY 3, 2008, CASE NUMBERS - HC-6033 AND HC-6034 WERE OFFICIALLY FILED IN THE COURT AND WERE IN FACT PENDING AS OF JANUARY 31, 2008. LIKEWISE, CASE # HC-5967 WAS ALSO FILED IN THE COURT PRIOR TO 1/31/08 AND WAS PENDING AS OF THAT DATE. (SEE EXHIBIT C)

3) BPH COORDINATOR, C.C.I. M. TERRY CLAIMED UNDER THE COLOR OF LAW PER CAL. CODE REGS, TIT. 15, SECTION 3084.1 AND PER PENAL CODE SECTION 148.6 THAT: "IT IS AGAINST THE LAW TO MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER THAT THE COMPLAINANT KNOWS TO BE FALSE." IN RE CHAKER v. CROGAN (9TH CIR. 2005) 428 F.3d 1215. THE COURT RULED THAT SUCH LANGUAGE (STATEMENT) IS IN FACT UNCONSTITUTIONAL IN THAT IT VIOLATES THE FIRST AMENDMENT OF THE FEDERAL CONSTITUTION. THEREFORE, SUCH LANGUAGE (STATEMENT) WAS DELETED PRIOR TO JANUARY 31, 2008 PER ORDER OF THE 9TH CIR IN RE CHAKER v. CROGAN (2005).

4) IT IS FALSELY ALLEGED THAT PETITIONER STATED IN HIS SWORN 'DECLARATION' DATED SEPTEMBER 4, 2007 THAT C.C.I. M. TERRY DUCATED PETITIONER FOR AN INTERVIEW. DOCUMENTARY EVIDENCE PROVIDED IN EXHIBIT D VERIFIES THAT

1  PETITIONER WAS DUCATED BY CCI M. TERRY ON OCTOBER
2  13, 2006 TO BE INTERVIEWED BY AN ATTORNEY. AS IT
3  STANDS, PETITIONER'S 'DECLARATION' OF 9/4/07 IS NOT
4  ONLY PROVIDED IN EXHIBIT-E OF THIS PETITION. IT IS
5  PROVIDED IN EXHIBIT-H OF CASE # HC-6033. NOWHERE
6  IN PETITIONERS (JUDICIAL NATURED DECLARATION DOES
7  HE MAKE ANY MENTION THAT 'HE WAS SENT A DUCAT
8  BY CCI M. TERRY FOR AN INTERVIEW.'

9

10  5) ON MARCH 18, 2008, PETITION RECEIVED CORRESPONDANCE
11  FROM S. LABARE - STAFF SERVICES MANAGER-I FROM 'BOARD
12  OF PAROLE HEARINGS (BPH) - HEADQUARTERS IN SACRAMENTO,
13  CA, DATED FEBURARY 27, 2008. SUCH CORRESPONDANCE WAS
14  GENERATED IN RESPONSE TO PETITIONERS LETTER THAT
15  HE SENT TO TIMOTHY LOCKWOOD ON FEBRUARY 6, 2008
16  CONCERNING THE USE OF DELETED LANGUAGE USED IN
17  M. TERRYS OFFICIAL STATE DOCUMENT. SEE EXHIBIT-F.
18  PETITIONER HAD RECEIVED SIMILAR BOILER PLATE LETTERS
19  FROM S. LABARE. FURTHERMORE, PETITIONER GAVE THE CHI-
20  -EF, OF THE REGULATION AND POLICY MANAGEMENT BRANCH
21  (RPMB) THE FIRST OPPORTUNITY TO ADDRESS PETITIONER
22  LEGITIMATE REGULATORY CHALLENGE TO NO AVAIL. THE
23  MATTER WAS SHIFTED TO THE BOARD OF PAROLE HEARINGS
24  WITHOUT WRITTEN EXPLANATION.
25  6) PETITIONER SHALL INEVITABLY SUFFER ADVERSE CONSEQ-
26  -UENCES AT THE HANDS OF THE PAROLE BOARD AND ANY
27  ADMINISTRATOR, STAFF, STATE OR FEDERAL INVESTIGATOR
28  WHO REVIEWS AND GIVES CREDIBILITY TO THE OFFICIAL

1 STATE DOCUMENTATION PROVIDED IN EXHIBIT-A BASED

2 UPON THE FACT IT IS DESIGNED TO DISCREDIT PETITIONERS

3 CHARACTER, AND THE VERACITY OF CLAIMS HE MAKES

4 IN AN OFFICIAL CAPACITY.

5 PURSUANT TO CAL. CODE REGS. TIT. 15, SECTION 2291 'NEW CRIMES'

6 "NEW CRIMES COMMITTED BY THE PRISONER SHALL BE DEALT WITH

7 IN ACCORDANCE WITH SECTION 2286.

8 PURSUANT TO CAL. CODE REGS. TIT. 15, SECTION 2286-"ADDITIONAL

9 TERMS FOR OTHER OFFENSES, IN SUBDIVISION (D) - ADDITIONAL TERM

10 FOR DISCIPLINARY OFFENSES : THE PANEL MAY IMPOSE A

11 SPECIFIC ENHANCEMENT FOR SERIOUS DISCIPLINARY

12 OFFENSES WHICH OCCURRED SINCE ARRIVAL IN PRISON

13 BUT BEFORE A PAROLE DATE IS GRANTED. ONLY DISCIPL-

14 -INARY OFFENSES WHICH MIGHT HAVE RESULTED IN RESC-

15 -ISSION PROCEEDING AFTER A PAROLE DATE HAD BEEN

16 GRANTED AS SPECIFIED IN SECTION 2451 MAY BE CON-

17 -SIDERED FOR ENHANCING THE TOTAL PERIOD OF CON-

18 -FINEMENT.'

19 1) PURSUANT TO CAL. CODE REGS, TIT. 15, SECTION 2451,

20 SUBDIVISION (A)(9) -'FALSIFICATION OF A SIGNIFICANT

21 RECORD OR DOCUMENT', OFFICIAL STATE DOCUMENT-

22 -ATION PROVIDED IN (EXHIBIT-A) CAN BE REASON-

23 -ABLY INTERPRETED AS FALLING INTO THE ABOVE

24 CLASSIFICATION. AND IS THEREFORE ADVERSE IN

25 NATURE. BECAUSE DOCUMENTARY EVIDENCE THAT

26 HAS BEEN PROVIDED HEREIN WAS IN FACT FILED

27 IN THE COURT PRIOR TO THE CREATION OF OFFICI-

28 -AL STATE DOCUMENTATION PROVIDE IN EXHIBIT-

(5)

1 -A., CCI. M. TERRY UNILATERALLY STEPPED OUTSIDE
2 HIS AUTHORITY BY MAKING OFFICIAL AND CLEARLY
3 FALSE CLAIMS REGARDING PETITIONERS PENDING
4 PETITIONS AND DOCUMENTATION UNDER JUDICAL
5 REVIEW. THEREFORE, SUCH DOCUMENTATION DOES
6 CONCERN THE COURT.

7

8 8) PERSUANT TO CAL. CODE REGS, TIT. 15, SECTION 2402
9 (b), SUCH NEGATIVE CHARACTER SLANDERING DOCU-
10 -MENTATION SUCH AS THAT PROVIDED IN EXHIBIT-
11 -A WILL BE A FACTOR IN FINDING PETITIONER
12 UNSUITABLE FOR PAROLE. THE CIRCUMSTANCES TEND-
13 -ING TO SHOW UNSUITABILITY INCLUDE WHETHER 'THE
14 PETITIONER HAS ENGAGED IN SERIOUS MISCONDUCT
15 IN PRISON OR JAIL." Id. 2402(c)(6). CLEARLY, CCI.
16 M. TERRY'S CHRONO OUTRIGHT ACCUSES PETITIONER
17 OF GENERATING A SWORN DECLARATION, DATED
18 9/4/07 WHICH DOES NOT CLAIM THE PETITION-
19 -ER WAS SENT A DUCAT BY HIM. AND, IT IS
20 FURTHER FALSE THAT PETITIONER DID NOT
21 HAVE PENDING LITIGATION IN THE COURT AS
22 OF JANUARY 31, 2008. ON THE CONTRARY, IF
23 WAS CCI. M. TERRY, BPH. COORDINATOR WHO
24 MADE TOTALLY FALSE ACCUSATIONS AGAINST
25 PETITIONER CONCERNING MATTERS UNDER
26 JUDICIAL REVIEW. AND EVEN WENT SO FAR
27 AS TO CITE LANGUAGE NO LONGER PERMITTED
28 BY THE FEDERAL COURT AS A RESULT OF ITS

1    FINDING IN RE CHAKER V. CROGAN (9TH CIR 2005) 428

2    F.3d 1215.

3                    CONCLUSION.

4

5    BASED UPON THE ABOVE REASONING AND DOCU-

6    -MENTARY EVIDENCE IN SUPPORT THEREOF. THE

7    COURT SHOULD GRANT THIS PETITION IN THE

8    INTEREST OF JUSTICE.

9

10   DATE: MARCH 20, 2008.

11                          RESPECTFULLY SUBMITTED:

12   RICHARD GARY HALL, JR.

13                          PETITIONER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PRAYER FOR RELIEF

PETITIONER IS WITHOUT REMEDY SAVE BY WRIT OF HABEAS CORPUS.

WHEREFORE, PETITIONER PRAYS THE COURT:

1. ISSUE A WRIT OF HABEAS CORPUS;

2. DECLARE RIGHTS OF PARTIES;

3. ISSUE ORDER TO SHOW CAUSE;

4. VERIFY THAT PETITIONER DID IN FACT HAVE 'PENDING' LITIGATION IN THE COURT PRIOR TO JANUARY 31, 2008, IN PARTICULAR, CASE NUMBERS HC-5967, HC-6033 AND HC-6034;

5. VERIFY THAT NO REGULATION CODIFIED IN THE ADMINISTRATIVE MANUALS OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR) HAVE JURISDICTION OVER SWORN DECLARATIONS OR AFFIDAVITS, AND THAT ONCE SUCH DOCUMENTATION IS OFFICIALLY FILED IN THE COURT IT IS EVEN MORE SO JUDICIAL IN NATURE;

6. VERIFY THAT IT WAS A VIOLATION OF PETITIONER-S CONSTITUTIONAL RIGHTS TO CITE LANGUAGE PREVIOUSLY DELETED PER ORDER OF THE FEDERAL COURT IN RE CCR, TIT. 15, SECTION 3084.1 IN THE OFFICIAL STATE DOCUMENT, CDC-128/B- GENERAL CHRONO, DATED JANUARY 31, 2008 PROVIDED IN EXH-A

7. VERIFY THAT PETITIONER DID NOT STATE IN

1  HIS SWORN DECLARATION DATED 9/4/07, THAT
2  HE WAS DUCATED FOR AN INTERVIEW BY CCI
3  M. TERRY!

4  8. FIND THAT CCI. M. TERRY DID IN FACT MAKE
5  FALSE ACCUSATIONS AGAINST PETITIONER
6  VIA OFFICIAL STATE DOCUMENTATION
7  FILED IN PETITIONERS CENTRAL (C-FILE)
8  REGARDING PENDING LITIGATION FILED
9  IN THE COURT. AND SWORN DECLARATION
10  UNDER JUDICIAL REVIEW IN RE CASE
11  NUMBER HC-6033;

12
13  DATE: MARCH 20, 2008

14                    RESPECTFULLY SUBMITTED:
15
16                    RICHARD GARY HALL, JR.
                       PETITIONER
17
18
19
20
21
22
23
24
25
26
27
28

2

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, *Richard Gary Hall, Jr.* , declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

*Richard Gary Hall, Jr.*, CDCR #: *C-07278*
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: *YW-343u*
SOLEDAD, CA 93960-0689.

On *March 20, 2008* , I served the attached:

*Petition For a writ of Habeas Corpus*

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

*Superior Court of Monterey County*
*Criminal Division*
*240 Church Street, Rm: 205*
*Salinas, CA 93902*
*Attn: Lisa M. Galdos- clerk*

*Mr. Edmund Brown, Jr.*
*Attorney General*
*455 Golden Gate Ave, #11000*
*San Francisco, CA*
*94102-3664*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on *March 20, 2008* .

_____
*Richard Gary Hall, Jr.*
Declarant

# EXHIBIT A

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRECTIONS
                                                                                    CDC-128 B (8-87)

**NAME and NUMBER:**        **HALL, Richard**        **C07278**

This 128-B is being generated to clear up and correct any possible misunderstanding as the result of Department Memorandum dated 11-07-07, authored by CCI (A) M. Terry. This was in response to inmate Hall's "Declaration" dated 09-04-07, regarding BPH issues. The attached Memorandum in question, was issued in error and is being changed to the appropriate format on a CDC 128-B.

Attached to this CDC 128-B, are the following:

        1) inmate HALL's "DECLARATION" dated 9/04/07,
        2) My Departmental Memorandum in response to inmate HALL's "DECLARATION" dated 11/07/07
        3) "State of California Attorney General, complaint form" dated 10/31/07.

Inmate Hall's Declaration dated 09/04/07, contained several misrepresentations, including a false accusation that he was sent a Ducat by this writer for an interview, when in fact I was not assigned as the BPH CCI at that time.

Per CCR 3084.1 and Per Penal Code Section 148.6, "it is against the law to make a complaint against a Departmental Peace Officer that the complainant knows to be false"

Inmate Hall's Declaration also alluded to pending litigation with copies sent to five separate Attorneys. The CTF Litigation Coordinator was consulted and there is no current litigation pending for inmate Hall.

Additionally, Inmate Hall is encouraged to use the Inmate Appeals Process per CCR 3084.1, or file directly to the Courts on BPH discretionary issues. Further false accusations against staff by inmate Hall could be dealt with progressive disciplinary action.

                                        **M. Terry, CCI**
                                        Board of Parole Hearings Coordinator
                                        Correctional Training Facility

**DATE    1/31/08**                **CTF-Central**                        **GENERAL CHRONO**

C-File

Inmate                                        REC'D 2/5/08

# EXHIBIT B

## INITIAL STATEMENT OF REASONS:

The California Department of Corrections and Rehabilitation (CDCR) proposes to amend Sections of the California Code of Regulations (CCR), Title 15, Division 3, concerning Citizens Complaints.

These proposed regulations will bring CDCR into immediate compliance with the Ninth Circuit Court of Appeals opinion in *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, which held that Penal Code (PC) 148.6, which criminalizes knowingly false speech critical of peace officer conduct, violates the First Amendment.

Therefore, the Department must modify Sections 3084.1 and 3391. This action will clarify and amend CCR Sections that are now deemed in violation of the constitution.

The Department has determined that no reasonable alternatives to the regulations have been identified or brought to the attention of the Department that would lessen any adverse impact on small business.

The Department has made an initial determination that the action will not have a significant adverse economic impact on business. Additionally, there has been no testimony or other evidence provided that would alter the Department's initial determination.

The Department has determined that this action imposes no mandates on local agencies or school districts, or a mandate, which requires reimbursement pursuant to Part 7 (Section 17561) of Division 4.

The Department must determine that no alternative considered would be more effective in carrying out the purpose of this action, or would be as effective as and less burdensome to affected private persons than the action proposed.

Subsection 3084.1(e) is amended to delete the specific references to PC148.6(a)(1) which has been deemed to be unconstitutional by the Ninth Circuit Court of Appeals. Existing language in 3084.1 states that it is against the law to knowingly make a false complaint against a peace officer. According to *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, this is unconstitutional in that it violates the First Amendment.

Subsection 3391(d) is amended to delete language, which was copied in its entirety from PC 148.6(a)(1) and (2) and placed into this Subsection. This specific language has been deemed to be unconstitutional by the Ninth Circuit Court of Appeals. Existing language in Section 3391 states that it is against the law to knowingly make a false complaint against a peace officer. According to *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, this is unconstitutional in that it violates the First Amendment. The remainer of the existing language found in 3391(d) is left unchanged due to the requirement that a State agency must have a proceedure to investigate these types of complaints.

TEXT OF PROPOSED REGULATIONS

In the following, underline indicates added text and strikethrough indicates deleted text.

California Code of Regulations Title 15, Section 3084.1, Right to Appeal, and 3391, Employee Conduct is amended to read as follows:

Section 3084.1. Right to Appeal.

Subsections 3084.1(a) through 3084.1(d) remain unchanged.

Subsection 3084.1(e) is amended to read:

(e) ~~Pursuant to Penal Code section 148.6, it is against the law to make a complaint against a departmental peace officer that the complainant knows to be false.~~ An appeal alleging misconduct by a departmental peace officer as defined in section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in section 3391(d). Failure to submit this form will be cause for rejecting the appeal, in accordance with section 3084.3(c)(5).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 148.6, 832.5 and 5054, Penal Code, *Chaker v. Crogan (9th Cir 2005) 428 F.3d 1215.*

Section 3391. Employee Conduct

Subsections 3391(a) through 3391(c) remain unchanged.

Subsection 3391(d) is amended to read:

(d) Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

~~IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disciplinary rule violation in addition to being prosecuted on a misdemeanor charge.]~~

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 148.6, 832.5, 5054 and 6250-6253, Penal Code, _Chaker v. Crogan (9th Cir 2005) 428 F.3d 1215._

# EXHIBIT C

**FILED**

MAR 0 6 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEPUTY
PHILLIP McCOUN

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re

Richard Gary Hall, Jr.

On Habeas Corpus.

) Case No.: HC 5967
)
) ORDER
)
)
)

Given the complexity of the issues raised and the need for a thorough examination of the file, the high number of habeas corpus petitions filed in the recent past, and staffing issues, the court requires additional time to review this matter before rendering a decision.

Good cause appearing, pursuant to California Rules of Court, Rule 4.551(h), the court, on its own motion, extends the time in which it is to issue an order to and including May 7, 2008.

IT IS SO ORDERED.

Dated:   03-06-08

Hon. Stephen A. Sillman
Judge of the Superior Court

1