```
                                              FILED
1  Richard Gary Hall, Jr. C-07278
   Correctional Training Facility           2008 JUL -1  P 2:59
2  P.O. Box 689 / Y-343up
   Soledad, CA 93960-0689                   RICHARD W. WIEKING
3                                                  CLERK
                                            U.S. DISTRICT COURT
4  IN PRO SE                                NO. DIST. OF CA. S.J.

5

6           IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10  Richard Gary Hall, Jr.         Civil Action # C07-3233-RMW-(PR)

11          Plaintiff,              'AFFIDAVIT'

12  V.

13  James Tilton, et. al.

14          Defendants

15

16  Now comes, Richard Gary Hall, Jr., Plaintiff in the above entitled
17  civil action. Plaintiff hearby declares: On the morning of June 24,
18  2008, Plaintiff was approached by E. Diaz, Correctional Counsel-
19  -or (CCI) - assigned to Y-wing / 3rd-tier at the Correctional Tra-
20  -ining Facility in Soledad, CA. where Plaintiff's Caseworker
21  informed him he intended to take him before the unit-
22  -I Classification Committee (U.C.C.) for the purpose of his
23  Annual Classification Hearing. Page (164) provided in 'Exh-T'
24  of the above entitled civil action incontrovertibly verifies
25  Plaintiff last appeared before a unit classification
26  Committee for the purpose of his ANNUAL hearing was
27  on November 5, 2007, which also verifies Plaintiff's next
28  should be conducted on November 5, 2008, or soon after.
```

1. PLAINTIFF DID IN FACT BRING THE ABOVESAID FACTS TO THE
2. ATTENTION OF HIS CASEWORKER, CCI. E. DIAZ. WHO ASSURED THE
3. PLAINTIFF HE WOULD REVIEW SUCH DOCUMENTATION CONTA-
4. -INED IN HIS CENTRAL FILE RECORD.
5.
6. PLAINTIFF APPEARED BEFORE THE BOARD OF PAROLE HEARINGS
7. (BPH) ON APRIL 2, 2008. BEFORE MONTHS END, _IN ABSENTIA_
8. PLAINTIFF WAS TAKEN BEFORE THE UNIT-I CLASSIFICATION
9. COMMITTEE (U.C.C.) BY CCI. E. DIAZ FOR THE PURPOSE OF A
10. _POSTBOARD REVIEW_. DESPITE THE FACT PLAINTIFF WAS
11. REQUIRED TO SIGN OFFICIAL STATE DOCUMENTATION AUTHOR-
12. -IZING CCI. E. DIAZ TO CLASSIFY HIM IN ABSENTIA. PLAINTIFF
13. HAS NEVER BEEN AFFORDED A COPY OF SUCH DOCUMENT-
14. -ATION, NOR A COPY OF THE CDC-FORM-128G-CLASSIFICATION
15. CHRONO OFFICIATING ABOVESAID COMMITTEE ACTION.
16.
17. CCI. E. DIAZ FURTHER INFORMED PLAINTIFF THAT HE WAS LAST
18. PUT UP FOR TRANSFER TO SAN QUENTIN STATE PRISON. PLAINTIFF
19. INFORMED CCI. E. DIAZ THAT SUCH A TRANSFER BECAME NULL
20. AND VIOD ON JANUARY 2, 2008 BASED UPON CSR DIRECTIVE (SEE
21. PAGE (169) PROVIDED IN 'EXH-T' OF THE ABOVE ENTITLED CIVIL ACTION.
22.
23. PLAINTIFF WAS THEN INFORMED THAT CCI. E. DIAZ WANTED TO TAKE
24. HIM BEFORE THE UNIT CLASSIFICATION HEARING FOR A SOCALLED
25. _PROGRESS HEARING_. WHICH MADE NO SENSE BASE UPON THAT
26. PLAINTIFF HAD ALREADY BEEN TAKEN BEFORE THE SAME
27. COMMITTEE FOR A POSTBOARD ISSUE JUST TWO (2) MONTHS
28. EARLIER. AND HAD ONLY BEEN HOUSED AT CTF-CENTRAL

1. TRAINING FACILITY (CTF). PLAINTIFF HAS NO KNOWLEDGE OF
2. SUCH A HEARING, NOR HAS HE EVER BEEN PROVIDED ANY OFF-
3. -ICIAL CLASSIFICATION CHRONOS TO VERIFY HE WAS EVER ENDOR-
4. -SED BY A CLASSIFICATION STAFF REPRESENTATIVE (CSR) TO BE
5. TRANSFERRED FROM THE CORRECTIONAL TRAINING FACILITY (CTF) TO
6. CALIFORNIA MEDICAL FACILITY. (CMF)
7.
8. DOCUMENTARY EVIDENCE PROVIDED THE COURT AT PAGE (76) OF
9. (EXH-N) OF THE ABOVE ENTITLED CIVIL ACTION VERIFIES PLAINTIFF
10. RECEIVED AN _ANNUAL_ CLASSIFICATION HEARING ON JANUARY 6,
11. 2006. THIS SAME DOCUMENTATION ERRONEOUSLY STIPULATED PLAINT-
12. -IFF'S NEXT _ANNUAL_ CLASSIFICATION HEARING WAS OFFICIALLY
13. SCHEDULED FOR _AUGUST 1, 2006_.
14.
15. DOCUMENTARY EVIDENCE PROVIDED THE COURT AT PAGE (145)
16. OF _EXH-S_ OF THE ABOVE ENTITLED CIVIL ACTION VERIFIES THAT ON
17. JULY 25, 2006, PLAINTIFF WAS TAKEN BEFORE A UNIT CLASS-
18. -IFICATION COMMITTEE FOR A SECOND _ANNUAL_ CLASSIFICAT-
19. -ION HEARING. THIS SAME DOCUMENTATION ERRONEOUSLY
20. STIPULATED TWO(2) PERIODS (12-MONTHS) OF SATISFACTORY ASSIGNED
21. PROGRAMMING HAD OCCURRED. WHEN FROM 1-6-06 TO 7-25-06
22. DID NOT CONSTITUTE TWO(2) PERIODS. LASTLY, THIS SAME
23. DOCUMENTATION STIPULATED THAT PLAINTIFF'S NEXT (RECLASS)
24. (ANNUAL) WAS SCHEDULED FOR AUGUST 1, 2006. JUST A
25. WEEK FROM JULY 25, 2006. WHICH WAS ABSURD.
26.
27. AT PAGE (164) PROVIDED IN (EXH-T) OF THE ABOVE ENTITLED
28. CIVIL ACTION, IT IS ERRONEOUSLY STIPULATED THAT PLAINTIFF'S

1. NEXT ANNUAL HEARING WAS SCHEDULED FOR JULY 25, 2008.
2. IT IS AT THIS POINT EITHER FURTHER CONFUSION OR A
3. CONTINUED PATTERN OF ADMINISTRATIVE CHICANERY IS
4. CONTINUED AT PLAINTIFF'S EXPENSE.
5.
6. IN RESPONSE TO THE SUPERIOR COURT OF MONTEREY COUNTY'S
7. APRIL , 2008 ORDER TO SUBMIT AN 'INFORMAL RESPONSE',
8. THE OFFICE OF THE ATTORNEY GENERAL PROVIDED BOTH THE
9. COURT AND PLAINTIFF A COPY OF A CDC-128JB-GENERAL
10. CHRONO WHICH MADE DOUBLEBINDED CLAIMS REGARDING
11. ATTORNEY MARY ANN TARDIFF. PLAINTIFF HAS BEEN INC-
12. -ARCERATED SINCE AUGUST 1, 1979 WITHIN THE CALIFORNIA
13. PRISON SYSTEM. NOT ONLY DID CCI. E. DIAZ NOT PROVIDE
14. PLAINTIFF A REQUIRED COPY OF ABOVESAID CHRONO DATED
15. MARCH 26, 2008, LESS THAN A WEEK BEFORE PLAINTIFF'S
16. SCHEDULED PAROLE CONSIDERATION HEARING OF APRIL 2,
17. 2008. SUCH A CLASSIFICATION / BOARD OF PAROLE HEARINGS
18. DOCUMENT WAS HANDWRITTEN, NOT TYPED. PLAINTIFF'S
19. CENTRAL FILE CONTAINS NO SUCH OFFICIAL DOCUMENT-
20. -ATION WHICH IS NOT TYPED. FURTHERMORE, PLAINTIFF'S
21. CELL NUMBER DID NOT APPEAR UPON SUCH A DOCUMENT.
22. IN ABSENCE OF SUCH, PLAINTIFF'S HOUSING LOCATION IS NOT
23. SPECIFIED IN TERMS OF FACILITY WITHIN THE INSTITUTION.
24. AND LAST, E. DIAZ DID NOT IDENTIFY HIMSELF AS A CORR-
25. -ECTIONAL COUNSELOR (CCI) ON SUCH OFFICIAL DOCUMENTATION
26. WHICH IS A STANDARD REQUIREMENT.
27.
28. ON NOVEMBER 12, 2007, PLAINTIFF FILED AN INMATE APPEAL

1. GRIEVANCE OFFICIALLY LOGGED AS: CTF-APPEAL # CTF-S-07-04384.
2. WHEREIN ON DECEMBER 27, 2007, PRISON OFFICIALS ADMITTED
3. THAT DEPARTMENTAL CSR NEVER APPROVED PLAINTIFF TO BE
4. HOUSED AT NORTH FACILITY, LEVEL-III FROM THE YEAR 2000 TO
5. AND THROUGH THE YEAR 2007, WHICH VALIDATES PLAINTIFF'S PRIMA
6. FACIE CASE.

8. I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING
9. IS TRUE AND CORRECT.

11. DATE: JUNE 25, 2008         RESPECTFULLY SUBMITTED,

                                 _Richard Gary Hall, Jr._
                                 RICHARD GARY HALL, JR.
                                 IN PRO SE / PLAINTIFF

NAME and NUMBER  HALL, RICHARD  C07278

ON 3/26/08, AT ABOUT 0845 HRS, I SPOKE TO INMATE HALL ABOUT SIGNING HIS BPT 1003 (REQUEST FOR AN ATTORNEY). HALL INFORMED ME HE DOES NOT WANT THE ATTORNEY THAT WAS APPOINTED TO HIM (ATTORNEY M. TARDIFF). I INFORMED HALL HE DOES NOT GET TO PICK HIS LAWYER, BUT HE CAN DECLINE THE LAWYER APPOINTED TO HIM. HALL REFUSED TO SIGN THE BPT 1003 AND STATED, "I'M HAVING ISSUES WITH BPT, AND I'LL DEAL WITH THIS ISSUE MYSELF." HALL DID VERBALLY REQUEST THE ASSISTANCE OF AN ATTORNEY, BUT DID NOT SIGN THE BPT 1003.

DATE 3/26/08

E. Diaz
E. DIAZ

GENERAL CHRONO

CDC-128-B Rev. 4/74

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Correctional Training Facility
Soledad, California

SUPPLEMENTAL PAGE

RE: CTF APPEAL LOG NO. *CTF-S-07-04384*
First Level Reviewer's Response

NAME: HALL    CDC#: C07278    HOUSING: WB 339

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: ACCOUNTING OF ENDORSEMENT HISTORY

In your appeal you state that you learned you did not have a level III override during a UCC.

ACTION REQUESTED:

To be given an accounting (explanation) by CCI Arfa of why there is not a CSR 128g classification chrono in your file that gives you a level III override from the year 2000 to the year 2007.

ADDITIONAL INFORMATION:

None

APPEAL RESPONSE:

You were interviewed by CCII Arfa on 12/21/07 for a first level response. In that interview you stated that you had no further information to add to your appeal.
A thorough review of your appeal, and your C-file was conducted. It shows that you were endorsed to CMC-E-III on 4/13/93. This CSR 128g is in your file. It also shows that you were endorsed to CTF-II on 10/4/94. This CSR 128g is also in your file. The CSR then endorsed you to SQ-II on 11/16/07 and this CSR 128g is also in your file.

December 21, 2007
Supplemental Page
FIRST LEVEL APPEAL
CTF-S-07-04384
Page 2 of 2

## SUMMARY / CONCLUSION

Your appeal is being partially granted. In answer to your question, the reason there is no CSR 128g endorsing you to CTF-III on an override is because you were never endorsed to CTF-III on an override. This accounting grants a portion of your requested action. However, because it was not completed by CCII Arfa, as you requested, the action is only partially granted.

_____    12/21/07
S. DIXON                     Date
Correctional Counselor II, Unit VI
CTF-North Facility


_____    12-27-07
J. SARELI                    Date
Facility Captain, Unit VI
CTF-North Facility


cc:    Inmate's Central File
       Appeals File

Case 5:07-cv-03233-RMW     Document 42     Filed 07/01/2008     Page 9 of 10