***E-FILED - 10/16/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 07-3233 RMW (PR) |
| Plaintiff, | ) ) | PARTIAL DISMISSAL ORDER; ORDER OF SERVICE; DIRECTING |
| vs. | ) ) | DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE |
| JAMES TILTON, et al., | ) ) ) | REGARDING SUCH MOTION; DIRECTING PLAINTIFF TO PROVIDE LOCATION FOR |
| Defendants. | ) ) | UNSERVED DEFENDANTS |

On March 26, 2008, plaintiff, a California prisoner proceeding pro se, filed the instant pro se second amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court will order service of the complaint on some defendants and direct the plaintiff to provide the location for others.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's cognizable claims

Plaintiff alleges that he was improperly transferred and placed into Level III housing while classified as a Level II inmate. He further alleges that after attempting to exercise his constitutional rights to challenge such transfer and placement, prison officials retaliated against him on four separate instances in 2002. Liberally construed, plaintiff has stated a cognizable claim of a right to be free from cruel and unusual punishment, as well as a violation of his right to due process and equal protection. The court will order service of the complaint based on the cognizable claims described above.

C.   Plaintiff's claim regarding administrative appeal grievances

Plaintiff alleges the defendants erred in their responses to his inmate grievance appeals. This claim is not cognizable under § 1983. There is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Although the court generally grants leave to amend, here, plaintiff has no cognizable claim for the denial of his administrative appeals. Nor has plaintiff alleged a cognizable claim of denial of access to the courts, because he has been able to pursue his legal claims by filing the instant complaint. Accordingly, plaintiff's claim concerning his administrative appeal is DISMISSED without further leave to amend.

D.   Unknown location of defendants

In cases involving plaintiffs proceeding in forma pauperis, as here, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the United States Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the United States Marshal, upon

order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

However, plaintiff asserts he does not know the location of defendants L. Trexler, A.P. Kane, or C. Plynesser. While incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served). See Fed. R. Civ. P. 4(m) (recognizing that if service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause.").

Because plaintiff has not served nor provided sufficient information to allow the Marshal to locate and serve defendants L. Trexler, A.P. Kane, or C. Plynesser, plaintiff must remedy the situation or face dismissal of his claims against said defendants without prejudice. See Walker, 14 F.3d at 1421-22. Accordingly, plaintiff must either himself effect service on defendants L. Trexler, A.P. Kane, or C. Plynesser or provide the court with their accurate and current location such that the Marshal is able to effect service upon them. Failure to do so within **thirty days** of the date this order is filed will result in the dismissal of the claims against those defendants.

## CONCLUSION

1. Plaintiff's claim concerning the denial of his administrative appeal is DISMISSED without further leave to amend.

2. Plaintiff must provide the court with accurate and current location information for defendants defendants L. Trexler, A.P. Kane, and C. Plynesser such that the Marshal is able to effect service upon them. If plaintiff fails to provide the court with the accurate and current

1  locations, within **thirty (30) days** of the date this order is filed, plaintiff's claims against
2  defendants L. Trexler, A.P. Kane, and C. Plynesser will be dismissed pursuant to Rule 4(m) of
3  the Federal Rules of Civil Procedure; the dismissal will be without prejudice to plaintiff refiling
4  his complaint with such information.

5      2.    The clerk of the court shall issue summons and the United States Marshal shall
6  serve, without prepayment of fees, a copy of the second amended complaint, all attachments
7  thereto, and a copy of this order upon: **James Tilton, Examiner J.G. Arceo, Chief of Inmate**
8  **Appeals N. Grannis** at the **California Department of Corrections and Rehabilitation** in
9  **Sacramento, California;** and **Classification and Parole Representative D.S. Levorse, Chief**
10 **Deputy Warden W.A. Cohen, Assistant Classification and Parole Representative J.H. Frye**
11 at the **Correctional Training Facility** in **Soledad, California; and Correctional Counselor R.**
12 **Quintero,** at **Salinas Valley State Prison – North Facility** in **Soledad, California.**  The clerk
13 shall also mail a courtesy copy of this order and the complaint, with all attachments thereto, to
14 the **California Attorney General's Office**.

15     3.    No later than **ninety (90) days** from the date of this order, defendants shall file a
16 motion for summary judgment or other dispositive motion with respect to the claims in the
17 complaint as set forth above, or notify the court that they are of the opinion that this case cannot
18 be resolved by such a motion.

19     a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff
20 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
21 defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
22 F.3d 1108, 1119-20 (9th Cir. 2003).

23     b.    Any motion for summary judgment shall be supported by adequate factual
24 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
25 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**
26 **immunity found, if material facts are in dispute.  If any defendant is of the opinion that this**
27 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
28 **date the summary judgment motion is due.**

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Directing Plaintiff to Provide Location for Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Hall233srvmisc.wpd     4

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

    a.      In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.      In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Partial Dismissal Order; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing Plaintiff to Provide Location for Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Hall233srvmisc.wpd    5

triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

       5.       Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

       6.       The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       7.       All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

       8.       Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

       For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a

motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/15/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge