*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARY HALL, JR., ) | No. C 07-3233 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | SUBPOENAS; DENYING MOTION |
| vs. ) | TO STRIKE B. CURRY AS MOOT; |
| ) | GRANTING THIRD EXTENSION OF |
| ) | TIME TO PROVIDE LOCATION OF |
| JAMES TILTON, et al., ) | UNSERVED DEFENDANTS |
| ) | |
| Defendants. ) | (Docket Nos. 63, 65, 67) |
| ) | |

Plaintiff, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. The court ordered service of plaintiff's second amended complaint. Currently pending before this court are plaintiff's motion to subpoena verified information from the United States Department of Justice officials (docket no. 63); plaintiff's motion to strike B. Curry from the case name (docket no. 65); and plaintiff's motion for a third extension of time to locate unserved defendants. The court addresses each motion in turn below.

A.     <u>Motion to Subpoena Verified Information</u>

Plaintiff moves the court to issue subpoenas to Department of Justice employees Charlene B. Thornton, David M. Hardy, and Carlton L. Peoples to provide the "source of how plaintiff, and when the U.S. Department of Justice was officially notified" that plaintiff was housed at Salinas Valley State Prison.

1   Plaintiff's motion for the court to issue subpoenas is DENIED.  The court cannot compel
2  nonparties to provide plaintiff with information but can order them to produce documents if
3  properly requested.  Plaintiff may compel a person who is not a party to this action to produce
4  documents for inspection and copying pursuant to a subpoena duces tecum.  See Fed. R. Civ. P.
5  34(c), 45(a).  In order to do so, plaintiff must fill out the subpoena forms provided by the Clerk
6  of Court and must ensure that each person is served with the subpoena by a non-party.  Plaintiff
7  must tender to each person "the fees for one day's attendance and the mileage allowed by law."
8  Fed R. Civ. P. 45(b)(1).  The current requisite fee for each person is forty dollars per day, see 28
9  U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis.  See Dixon
10  v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  These requirements do not apply to a request for
11  production of documents from one party on any other party.  See Fed. R. Civ. P. 34(a).

12   The court will consider ordering the United States Marshal to serve a subpoena duces
13  tecum on a non-party if plaintiff submits to the court a completed subpoena form and the
14  requisite fee.  The form must describe the items to be produced with reasonable particularity and
15  designate a reasonable time, place and manner for their production.  See Fed. R. Civ. P. 34(b).
16  **The clerk is instructed to send plaintiff three blank subpoena forms along with this order.**

17  B. <u>Motion to Strike B. Curry</u>

18   Plaintiff moves the court to strike B. Curry from the case name as a defendant in this
19  case.  B. Curry was terminated as a defendant on March 26, 2008, which was the same day that
20  plaintiff filed his second amended complaint.  Accordingly, plaintiff's motion to strike B. Curry
21  is DENIED as moot.

22  C. <u>Motion for Extension of Time</u>

23   On January 30, 2009, the court granted plaintiff a second extension of time to locate
24  unserved defendants L. Trexler, A.P. Kane, and C. Plynesser.  Plaintiff has provided the location
25  of A.P. Kane, and the court will order service on defendant A.P. Kane.  Plaintiff has also
26  requested a third extension of time to locate the remaining defendants.

27   Good cause appearing, respondent is hereby granted a third and final extension of time in
28  which to provide the court with accurate and current location information for defendants L.

1  Trexler and C. Plynesser such that the Marshal is able to effect service upon them.  Plaintiff shall
2  provide the court with accurate and current locations within thirty days of the date this order is
3  filed.

### CONCLUSION

1. Plaintiff's motion for subpoenas (docket no. 63) is DENIED.  The clerk is instructed to send three blank subpoena forms along with this order.

2. Plaintiff's motion to strike B. Curry (docket no. 65) is DENIED as moot.

3. Plaintiff's motion for a third extension of time in which to provide the location of unserved defendants (docket no. 67) is GRANTED.  Plaintiff must provide the court with accurate and current location information for defendants L. Trexler and C. Plynesser such that the Marshal is able to effect service upon them.  <u>If plaintiff fails to provide the court with the accurate and current locations, within **thirty (30) days** of the date this order is filed, plaintiff's claim against defendant L. Trexler and C. Plynesser will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; the dismissal will be without prejudice to plaintiff refiling his complaint with such information.</u>

4. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint in this matter (docket no. 31), all attachments thereto, and copies of this order on **defendant A.P. Kane, Commissioner, Board of Parole Hearings, 1515 K Street, Suite 600, Sacramento, CA 95814.**

This order terminates docket nos. 63, 65, and 67.

IT IS SO ORDERED.

DATED:  3/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Subpoenas; Denying Motion to Strike B. Curry as Moot; Granting Third Extension of Time to Provide Location of Unserved Defendants
P:\PRO-SE\SJ.Rmw\CR.07\Hall233misc.wpd      3