```
 1  RICHARD GARY HALL, JR. C-07278
    CORRECTIONAL TRAINING FACILITY
 2  P.O. BOX 689, YW-343UP
    SOLEDAD, CA 93960-0689
 3
 4  IN PRO SE
 5
```



FILED
JAN 5 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD GARY HALL, JR., <br> PLAINTIFF, <br> V. <br> JAMES TILTON, ET AL., <br> DEFENDANTS | C-07-3233-RMW-PR <br><br> PLAINTIFF'S DECLARATION UNDER 28 U.S.C SECTION 1746 IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES. |

I, RICHARD GARY HALL, JR, AM THE PLAINTIFF IN THE ABOVE ENTITLED CIVIL ACTION AND HEREBY DECLARE AND STATE:

1. ON DECEMBER 8, 2009, PLAINTIFF FILED IN THE COURT HIS OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES.

2. PLAINTIFF SUBSTANTIVELY PROVED IN HIS OPPOSITION THAT FROM AUGUST 23, 2000 TO JANUARY 10, 2003, AND OVERWHELMING NUMBER OF HIGH RANKING PRISON OFFICIALS EMPLOYED AT THE CORRECTIONAL TRAINING FACILITY AND CTF-NORTH FACILITY PUT HIM ON OFFICIAL NOTICE THAT HE WAS PROPERLY HOUSED AT A LEVEL II FACILITY, CTF-II.

3. PLAINTIFF'S IMPROPER HOUSING CLAIM ACCRUED ON 10-26-04 OR APRIL 10, 2005.

4. FOLLOWING PLAINTIFF'S ANNUAL CLASSIFICATION HEARING OF AUGUST 23, 2000

1

1  and November 2, 2001, CTF North Facility Classification officials who were
2  charged with the legal and procedural responsibility of determining
3  plaintiff's placement within the institution/facility or transfer bet-
4  -ween facilities. Such officials put plaintiff on notice by issuing
5  him CDC-Form-840 (Reclassification Score Sheets) as provided in
6  (Ex.2) in support of plaintiffs' opposition, that he possessed a
7  classification score of zero(0), and that CTF-North Facility
8  remained officially classified as a Level II Institution/Facility.
9     5. In the year 2002, plaintiff was issued four(4) retaliatory
10 disciplinary infractions resulting from him challenging unlaw-
11 -ful attempts by rogue housing unit staff to transfer him to a
12 different facility in deliberate disregard for mandatory clas-
13 -sification procedure which govern such transfers. According
14 to the rogue staff who formulated the retaliatory disciplin-
15 -ary reports of May 13, 2002 and June 26, 2002. CTF-North(would)
16 be converted to house an expected influx of Level III inma-
17 -tes at some unknown date. The statement was based on
18 unsubstantiated conjecture. Neither writer claimed that
19 in the current tense, that as of the dates of their retaliat-
20 -ory acts that CTF-North (was) a Level III Facility.
21    6. Following plaintiff's annual classification hearing of September
22 12, 2002. Plaintiff had been given official notice by CTF-North Classification
23 via CDC-Form-840 (Reclassification Score Sheet) that the Facility had been suddenly
24 been elevated to a Level III Facility and that plaintiff had been approved
25 by the CSR with a valid override to be housed at CTF-North Level III.
26 (CD#110, EX.2: CTF Appeal # CTF-C-02-02630, pg.5 at (12))
27    7. On September 10, 2002, plaintiff was put on official notice by the former chi-
28 -ef executive officer of the entire correctional facility, C. Hamlet in his

OFFICIAL SECOND LEVEL RESPONSE TO CTF APPEAL # CTF-N-02-01493. PLAINTIFF WAS NOTIFIED BY THE HIGHEST RANKING PRISON OFFICIAL WHO WAS LEGALLY RESPONSIBLE FOR HIS CUSTODY, THAT AS OF 9/16/02, CTF-CENTRAL REMAINED OFFICIALLY CLASS- -IFIED AS A LEVEL II HOUSING FACILITY (CD#110, EX.1, P.4 OF 5 AT( ). PLAINTIFF WAS ALSO GIVE NOTICE BY HIS LEGAL CUSTODIANS THAT AS OF 9/16/02, HIS MOVE FROM CTF-NORTH TO CENTRAL FACILITY WAS NOT A TRANSFER BETWEEN DIFFERENT LEVEL SUBFACILITIE. SUCH OFFICIAL NOTICE INFORMED PLAINTIFF THAT AS OF 9/16/2002, CTF-NORTH REMAINED OFFICIALLY CLASSIFIED AS A LEVEL II FACILITY LIKE CTF-CENTRAL. (CD#110, EX.1, P6. 4 OF 5 AT (12))

8. TEN DAYS AFTER PLAINTIFF WAS OFFICIALLY NOTIFIED BY THE PRISONS CHIEF EXECUTIVE OFFICER, WHO DEFENDANT W.A. COHEN WAS SUBORDINATE TO. PLAIN- -TIFF WAS TAKEN BACK BEFORE A SECOND CTF-NORTH CLASSIFICATION COMMITTEE IN THE MONTH OF SEPTEMBER 2002 ON 9/26/02. FOLLOWING SUCH PROGRAM RE- -VIEW' WHICH HAD BEEN ORDERED BY THE PRISONS HIGHEST RANKING OFFICIAL (CD# 110, EX.1, P.5 OF 5). PLAINTIFF WAS PUT ON FURTHER OFFICIAL NOTICE BY THE SECOND CTF-NORTH CLASSIFICATION COMMITTEE THAT CTF-NORTH WAS IN FACT STILL A LEVEL II, NOT A LEVEL III FACILITY. THEREFORE HIS LEVEL II RETENTION WAS APPROPRIATE AT CTF-NORTH. (CD#110, EX.2, CDC-128G, 9/26/2002) PLAINTIFF WAS NOT ISSUED A 'CORRECTED' CDC-FORM-840 (RECLASSIFICATION SCORE SHEET) AT HIS 9/26/2002 CLASSIFICATION HEARING.

9. AS A DIRECT RESULT OF HIS 9/26/2002 CLASSIFICATION COMMITTEE ACTION PER FORMER CHIEF EXECUTIVE OFFICERS MODIFICATION ORDER. A CABAL OF ROGUE PRISON STAFF RETALIATED AGAINST PLAINTIFF ON OCTOBER 6, 2002, WHICH LE- -D TO AN INTERVIEW/INVESTIGATION INVOLVING PLAINTIFF BY THE OFFICE OF THE INSPECTOR GENERAL ON OCTOBER 22, 2002. DURING THAT CONFIDENTIAL INTERVIEW SENIOR DEPUTY INSPECTOR GENERAL NOTED THAT THE CDC-FORM-840 (RECLASSIFI- -CATION SCORE SHEET) ISSUE HIM FOLLOWING HIS ANNUAL CLASSIFICATION HEARING WAS IN ERROR REGARDING THE MARKED CLASSIFICATION LEVEL OF

1  CTF-NORTH FACILITY. ACCORDING TO AN OFFICIAL 'MINI MEMO' ISSUED PLAINTIFF
2  BY DEFENDANT W.A. COHEN ON OCTOBER 25, 2002. INSPECTOR MARSHAL CONVERSED
3  WITH HIM REGARDING PLAINTIFF'S CDC-FORM-840(RECLASSIFICATION SCORE SHEET
4  ) FROM HIS 9/12/2002 ANNUAL CLASSIFICATION HEARING. ON OCTOBER 25, 2002, IN
5  RESPONSE TO THE FINDING OF THE OFFICE OF THE INSPECTOR GENERAL, DEFE-
6  -NDANT COHEN ALSO PUT PLAINTIFF ON OFFICIAL NOTICE BY ISSUING HIM A
7  STIPULATED AS "CORRECTED" CDC-FORM-840(RECLASSIFICATION SCORE SHEET) FOR
8  HIS ANNUAL CLASSIFICATION HEARING OF 9/12/2002 (CD#110.1:16-27; EX.2: CDC-FORM
9  -840(RECLASSIFICATION SCORE SHEET) DATED 9/12/02 AND 10/25/02 ON LEFT MARGIN). PLAIN-
10 -TIFF WAS GIVEN OFFICIAL NOTICE BY WAY OF SUCH OFFICIAL DOCUMENTATION
11 THAT CTF-NORTH FACILITY WAS NOT CLASSIFIED AS A LEVEL III, BUT INSTEAD
12 A LEVEL II FACILITY, WHEREIN CTF-III WAS CHANGED TO <u>CTF-II</u> AS PLAINTIFF'S
13 CURRENT INSTITUTION/FACILITY.
14   10. ALSO ON OCTOBER 25, 2002, DEFENDANT COHEN FORMULATED A GENERAL MEMORA-
15 -NDUM REGARDING NORTH FACILITY HOUSING DESIGNATIONS, WHEREIN DEFENDANT CO-
16 -HEN CLAIMED THAT IN THE YEAR 2000, CTF-NORTH FACILITY WAS RECLASSIFIED AS
17 A LEVEL III FACILITY BASED ON A PROJECTED INCREASE OF LEVEL III INMATES TH-
18 -ROUGH OUT THE PRISON SYSTEM. DEFENDANT COHEN WENT ON IN HIS MEMORANDUM
19 WELL OVERESTIMATED. DESPITE THE FACT CALIFORNIA DEPARTMENT OF CORRECTIONS AND
20 REHABILITATION (CDCR) INSTITUTIONAL SECURITY PROTOCOLS PROHIBITED HOUSING
21 LIFE INMATES IN CTF-NORTH FACILITY DORMITORYS DUE TO THE FACT IT IS NOT
22 FORTIFIED BY AN ELECTRIFIED FENCE TO ENSURE PUBLIC SAFETY. (CD#110, EX.7.)
23 DEFENDANT COHEN'S MEMORANDUM DELIBERATELY DISREGARDED DEPARTMENT HEAD-
24 -QUARTER INSTITUTIONAL SECURITY PROTOCOLS. AND OF COURSE, ON THAT VERY SAME
25 DATE, DEFENDANT COHEN PERSONALLY NOTIFIED PLAINTIFF THAT CTF-NORTH WAS NOT
26 CTF-III, BUT STILL CLASSIFIED AS 'CTF-II'. THEREFORE, DEFENDANT COHEN'S MEMO-
27 -RANDUM WAS CONTRADICTORY AND EVIDENTLY ERRONEOUS IN NATURE.
28   11. ON JANUARY 10, 2003, PLAINTIFF WAS AGAIN PUT ON OFFICIAL NOTICE BY THE

1  FORMER (ACTING) CHIEF EXECUTIVE OFFICER OF THE ENTIRE CORRECTIONAL TRAINING
2  FACILITY, JILL BROWN, AND THE FORMER CHIEF DEPUTY WARDEN (ACTING) OF BOTH CTF
3  -NORTH AND SOUTH FACILITY J. SOLIS. BOTH OF WHOM DEFENDANT COHEN WAS SUBORD-
4  -INATE TO. BOTH HIGHER RANKING PRISON OFFICIAL CONFIRMED TO PLAINTIFF ON
5  PAGE 5 OF THEIR RESPONSE TO CTF-APPEAL # CTF-C-02-02630 (CD#110, EX.2) THAT
6  HIS ABOVEMENTIONED CDC FORM 840 (RECLASSIFICATION SCORE SHEET) DATED 9/12/02
7  WAS 'CORRECTED' FROM 'CTF-III TO CTF-II AS NORTH FACILITIES OFFICIAL CLA-
8  -SSIFICATION LEVEL. PLAINTIFF WAS ALSO ASSURE BY HIS FORMER CHIEF CUSTODIAN
9  AS OF JANUARY 10, 2003, HE WAS PROPERLY HOUSED AT A LEVEL II FACILITY.
10 PLAINTIFF HAD NO ACTIONABLE CLAIM OF NON FRIVOLOUS NATURE PRIOR TO JANUARY
11 10, 2003. BASED ON AN OVERWHELMING PREPONDERANCE OF OFFICIAL DOCUMENTARY
12 EVIDENCE ISSUED PLAINTIFF THAT HAD BEEN VALIDATED BY THE SIGNATURE ENDOR-
13 -SEMENTS OF THE BELOW LISTED PRISON OFFICIALS LED PLAINTIFF TO BELIEVE THAT
14 CTF-NORTH FACILITY REMAINED OFFICIALLY CLASSIFIED AS A LEVEL II FACILITY
15 FROM AUGUST 23, 2000 THRU JANUARY 10, 2003: CORRECTIONAL COUNSELOR (CCI)
16 A. MCPARTLAN; CORRECTIONAL COUNSELOR II (CCII) R. GILLIAM; FACILITY CAPTAIN A.R.
17 TORRES; CORRECTIONAL COUNSELOR II (CCII) R. TORRES; CORRECTIONAL COUNSELOR (CCI)
18 D. WADLEIGH; FACILITY CAPTAIN (ACTING) R. STONEBURG; CORRECTIONAL COUNSELOR (CCI)
19 W.R. MANN; CORRECTIONAL COUNSELOR (CCI) L.J. HUNTER; CHIEF DEPUTY WARDEN, P. BARKER;
20 CHIEF EXECUTIVE OFFICER, JAMES HAMLET; CHIEF DEPUTY WARDEN, J. SOLIS; CHIEF EXECUTIVE
21 OFFICER (ACTING), JILL BROWN. IT WAS FURTHER REVEALED TO PLAINTIFF BY A SENIOR
22 DEPUTY INSPECTOR GENERAL AS WELL AS DEFENDANT W.A. COHEN ON OCTOBER 25,
23 2002, THAT CTF-NORTH FACILITY WAS NOT A LEVEL III FACILITY (CTF-III), INSTEAD,
24 IT WAS A LEVEL II FACILITY (CTF-II) AND HE WAS PROPERLY HOUSED.
25   12. FOLLOWING PLAINTIFF'S ANNUAL CLASSIFICATION HEARING OF DECEMBER 9, 2003,
26 HE WAS ISSUE NO OFFICIAL CLASSIFICATION DOCUMENTS (CD#110, P.9:26-28; P.10:1-28;
27 P.11:1-8)
28  13. THE NEXT TIME PLAINTIFF RECEIVED ANY OFFICIAL DOCUMENTATION GIVING HIM

1  notice that CTF-North facilities classification level was other than a
2  Level II, was following his annual classification hearing of Octo-
3  -ber 26, 2004. (CD#110, EX. 4; P.11:9-18)
4  14. Plaintiff had moreso reason to truly believe that he had a non-frivol-
5  -ous and provable actionable claim in mid-April 2005, following a surp-
6  -rize tour of CTF-North facility by the former director of the Cal-
7  -ifornia Department of Corrections (CDC), Jeanne Woodford, who deter-
8  -mine low level inmates were unlawfully housed together with
9  Level III inmates. (CD#110, P.11:19-28; P.12:1-8)
10 15. Plaintiff substantiated his equitable tolling claim by providing the court
11  documentary evidence at (CD#110, EX. 11) to verify that on successive occ-
12  -asions from April 12, 2005 to July 2006, he was administratively denied acc-
13  -ess to the prison law library therefore access to the court due to his
14  long term placement on race-based lockdowns/modified programs which
15  totalled approximately one (1) year. Such impedements were beyond plaintiffs
16  control and prevented him aquiring qualified legal assistance, conduct
17  legal research to properly prepare his lawsuit and file it any soon-
18  -er than he did. (CD#110, P.18:9-19)
19 16. Plaintiff provided the court evidence in support of his opposition which
20  confirms that because the retaliatory disciplinary report waged agan-
21  -st him in the year 2002, for clearly nefarious and unconstitutional
22  reasons are permanently maintained in his prison records. He has
23  already suffered far greater retribution regarding his federally
24  protected liberty interest in parole release, and will more than
25  likely continue to suffer such violation to his constitutional
26  rights due to the fact such retaliatory documentation is permanently
27  maintain in his prison records, which qualifies his retaliation claim
28  under the 'continual violation theory. (CD#110, P.18:20-29; P.19:1-28; P.20:1-11)

17. PLAINTIFF PROVIDED DOCUMENTARY EVIDENCE WHICH UNEQUIVOCALLY PROVED, THAT LIKE HIM, LICENSED ATTORNEYS WHO COMPILED AND SELL THE CALIFORNIA PRISONER HAND-BOOK (2001) WERE ALSO OFFICIALLY LED TO BELIEVE THAT BOTH CTF-NORTH AND CENTRAL FACILITY WERE STILL CLASSIFIED AS LEVEL II, NOT LEVEL III HOUSING FACILITIES. (CD#110, EX.B: P.15:23-28;16:1-5)

18. PLAINTIFF ALSO PROVIDED IN HIS OPPOSITION DOCUMENTARY EVIDENCE ISSUED TO HIM FROM HIGH RANKING U.S. DEPARTMENT OF JUSTICE OFFICIALS WHICH INDICATED HE WAS HOUSED AT 'SALINAS VALLEY STATE PRISON', NOT CTF-NORTH FACILITY, WHICH WAS NOT TRUE. NONETHELESS, PLAINTIFF IS NOT RESPONSIBLE FOR DISS-EMINATING SUCH FALSE INFORMATION TO FEDERAL OFFICIALS. AMONG OTHER ITEMS, IN PLAINTIFF'S DISCOVERY HE SEEKS INFORMATION RELEVANT TO THIS DISCLOSURE. (CD#110, EX.10, P.16:18-28; 17:1-25)

PURSUANT TO 28 U.S.C. SECTION 1746 I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATE: DECEMBER 28, 2009

RESPECTFULLY SUBMITTED:

Richard Gary Hall, Jr.
IN PRO SE / PLAINTIFF

7

(Sample Proof of Service - To Be Attached to All Documents Submitted to the Court)

UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF CALIFORNIA

__RICHARD GARY HALL, JR__

v.

Case Number: __C-07-3233-RMW-PR__

__JAMES TILTON, ET AL.,__

PROOF OF SERVICE

_____/

I hereby certify that on __DECEMBER 28, 2009__, I served a copy of the attached __PLAINTIFF'S DECLARATION UNDER 28 U.S.C. SECTION 1746 IN SUPPORT OF OPPOSITION TO DEFENDANTS MOTION TO DISMISS AND STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES.__ by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at __CORRECTIONAL TRAINING FACILITY P.O. BOX 689, YW-343 UP, SOLEDAD, CA__:

(List Name and Address of Each Defendant or Attorney Served)

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST ST., RM-2112
SAN JOSE, CA 95113-3095

MR. KYLE A. LEWIS
DEPUTY ATTORNEY GENERAL
455 GOLDEN GATE AVE., SUITE 11000
SAN FRANCISCO, CA 94102-7004

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Richard Gary Hall_
(Name of Person Completing Service)

Mr. Richard G. Hall, Jr. C-07178
P.O. Box 689, YW-343UP
Soledad, CA 93960-0689

Office of the Clerk
United States District Court
Northern District of California
280 South First Street, Rm-2112
San Jose, CA 95113-3095

Legal Mail

*[Handwritten notations on envelope, rotated:]*

JRe 67080

12/28/09