*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARY HALL, JR.,<br><br>    Plaintiff,<br><br>  vs.<br><br>JAMES TILTON, et al.,<br><br>    Defendants. | No. C 07-3233 RMW (PR)<br><br>ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT; GRANTING MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY; GRANTING MOTION TO AMEND OPPOSITION<br><br>(Docket Nos. 91, 103, 104, 114) |

Plaintiff, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. The court ordered service of plaintiff's second amended complaint. Currently pending before this court are plaintiff's motions for entry of default and for default judgment, defendants' motion for protective order and stay of discovery, and plaintiff's motion to amend his opposition to defendants' motion to dismiss. The court addresses each motion in turn below.

A.     <u>Motion for entry of default and for default judgment</u>

On September 11, 2009, plaintiff filed a motion for entry of default and for default judgment against defendant W.A. Cohen. On October 26, 2009, plaintiff filed a motion requesting that the court "uphold" plaintiff's request. Plaintiff claims that although defendant W.A. Cohen was served in January 2009, he has failed to appear in this action. Defendant W.A. Cohen has not filed a response.

1  On January 21, 2009, the court issued a summons to defendant W.A. Cohen.  On
2 February 4, 2009, the court received the executed summons, indicating that defendant W.A.
3 Cohen was served on January 27, 2009.  Between March 24, 2009 and September 16, 2009, all
4 served defendants, with the exception of W.A. Cohen, filed three motions for extension of time
5 to file a response.  The court granted all three motions.  On October 15, 2009, all served
6 defendants, including defendant W.A. Cohen, filed a motion to dismiss on the basis that
7 plaintiff's claims are barred by the statute of limitations.

Entry of default generally establishes a defendant's liability.  The court has the discretion to deny entry of default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In choosing whether to grant or deny an application for default judgment, the court may consider a number of factors including:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citations omitted).

After weighing the appropriate factors, the court finds that the likelihood of prejudice to the plaintiff is minimal.  No responsive pleading nor dispositive motion was filed prior to defendant W.A. Cohen's appearance.  In addition, the failure to respond appears to be an oversight by defense counsel as he has undertaken representation of all served defendants soon after service was executed on each one.  Moreover, in general, public policy favors decisions on the merits.  See id. at 472.

Accordingly, the court DENIES plaintiff's motions for default judgment.

B.     Motion for protective order and stay of discovery

Defendants filed a motion to dismiss and motion for protective order and to stay discovery.  Plaintiff filed an opposition.  Defendants request a stay of discovery until the court rules on their motion to dismiss, arguing that none of plaintiff's discovery requests are relevant to the issue raised in the pending motion to dismiss.

1        A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. See Panola Land Buyers Ass'n. v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). Nonetheless, the Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c).

       In Lowery v. F.A.A., the Eastern District of California set forth a two-pronged test to determine whether a protective order should issue, staying discovery. 1994 WL 912632, *3 (E.D. Cal. 1994). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. And second, the court must determine whether the pending dispositive motion can be decided absent discovery. See id.

       Here, defendants satisfy both requirements. First, their motion to dismiss, if meritorious, will dispose of the entire case. Second, here is no dispute that, should the motion be granted, any discovery request would be moot. Accordingly, the court GRANTS defendants' motion for a protective order staying discovery until disposition of defendants' motion to dismiss.

C.        Motion to amend opposition to defendants' motion to dismiss

       On December 22, 2009, plaintiff filed a motion to amend his opposition to the motion to dismiss. Plaintiff's motion to amend is GRANTED. Defendants previously filed a reply to plaintiff's original opposition on December 21, 2009. Should defendants wish to file an amended reply, they may do so within **fifteen** days of the filing date of this order.

### CONCLUSION

1.        Plaintiff's motions for default and default judgment are DENIED.
2.        Defendants' motion for a protective order and to stay discovery is GRANTED.
3.        Plaintiff's motion to amend his opposition to the motion to dismiss is GRANTED. Should defendants wish to file an amended reply, they may do so within **fifteen days** of the filing date of this order.

       This order terminates docket nos. 91, 103, 104, 114.

       IT IS SO ORDERED.

DATED: 2/8/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion for Default Judgment; Granting Motion for Protective Order and Stay of Discovery; Granting Motion to Amend Opposition
P:\PRO-SE\SJ.Rmw\CR.07\Hall233misc2.wpd     3